ATLANTA AND WEST POINT RAILROAD COMPANY v. MIMS.

SIMMONS, C. J.    While the evidence for the plaintiff below is weak, the jury, by consent of both parties, were permitted to personally inspect the premises where the tort was committed, and, under the rule laid down in *City of Atlanta v. Milam*, 95 Ga. 135, the judgment of the court below should be affirmed.         *Judgment affirmed.*   All the Justices concur.

Argued February 9,—Decided March 8, 1905.

Certiorari.    Before Judge Reagan.    Campbell superior court. February 1, 1904.

*Dorsey, Brewster & Howell, Arthur Heyman,* and *K. A. Nisbet,* for plaintiff in error:    *T. O. Hathcock,* contra.

---

GEORGIA RAILROAD AND BANKING COMPANY v. JORDON.

CANDLER, J.    1. Grounds of a motion for a new trial which complain that the verdict is contrary to specified portions of the charge of the court are in effect complaints that the verdict is contrary to law, and, as such, are covered by the general grounds.

2. The evidence as a whole is not entirely convincing as to the plaintiff's right to recover, but there is some evidence to support the finding of the jury. The trial judge, by overruling the motion for a new trial, expressed his approval of the verdict ; and this court, following its well-established rule, will not interfere.         *Judgment affirmed.*    All the Justices concur.

Submitted February 10,—Decided March 8, 1905.

Action for damages.    Before Judge Roan.    DeKalb superior court.  July 9, 1904.

*Joseph B. & Bryan Cumming* and *Milton A. Candler,* for plaintiff in error.   *Arnold & Arnold* and *L. B. Norton,* contra.