## 9619.   SHIELDS v. THE STATE.

1. When read and considered in connection with the notes appended by the court and the facts in the case, the excerpts from the charge of the court, complained of, were not erroneous for any reason assigned.
2. It is not cause for a new trial that the court ruled out the testimony on cross-examination set out in the 6th special ground of the motion for a new trial, testimony to the same effect having already been admitted on the direct examination.
3. There is no merit in the ground that the court erred in admitting in evidence the statement of the deceased, made a short time after he was cut and a few minutes before he died, that he was cut, and that the defendant cut him. If not admissible as a part of the res gestæ, it was harmless error, inasmuch as the defendant in his statement at the trial admitted that he cut the deceased.
4. The evidence authorized the verdict, no error of law appears, and the court did not err in overruling the motion for a new trial.

DECIDED OCTOBER 8, 1918.

Conviction of manslaughter; from Jasper superior court—Judge Park.   February 22, 1918.

*Eugene M. Baynes,* for plaintiff in error.

*Doyle Campbell, solicitor-general, W. S. Florence,* contra.

HARWELL, J.   The accused was indicted for the murder of one Jordan, and was found guilty of voluntary manslaughter. He made a motion for a new trial, which the court overruled, and he excepted.   It is not necessary to discuss any of the grounds of the motion, except perhaps the 5th, which complains of an excerpt from the charge of the court, in which the judge instructed the jury as to the circumstances under which a man would have a right to kill another to prevent an act of adultery with his wife.   It will be noted that, as the judge says in the note appended to this ground, he was presenting to the jury one of the theories of the State as to the motive of the killing.   He was not presenting a contention of the defendant, and in this respect the instant case is differentiated from the case of *Key* v. *State,* 21 *Ga. App.* 300 (94 S. E. 283), cited and relied on by counsel for the plaintiff in error.   In that case the court was presenting to the jury a contention of the defendant, and, in doing so, incorrectly stated the defendant's contention, and this court held that it was such harmful error as required the grant of a new trial.   In the instant case the charge of the court was full and fair, and correctly stated the defendant's theory of self-defense.   The State insisted, however, that the defendant invited Jordan, the deceased, to his house, and killed him

out of revenge, because the defendant had discovered improper re-
lations between Jordan and the defendant's wife. The evidence,
together with the defendant's statement, we think, authorized the
charge complained of, and there was no error in overruling this
ground of the motion. The headnotes do not need further elab-
oration.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*