## 10114.  MUTUAL CANNING COMPANY v. DeGUENTHER.

Where one buys outright a negotiable promissory note, the transaction is not rendered usurious because the discount amounts to more than the maximum lawful rate of interest.

The exclusion of testimony referring to other notes than those sued on was proper. The excluded testimony set out in special grounds 4, 5, and 7 of the motion for a new trial was immaterial. Special grounds 1 and 3 as to the exclusion of testimony are not in proper form for consideration.

The evidence authorized the verdict in favor of the plaintiff.

DECIDED MAY 16, 1919.

Complaint; from city court of Nashville—Judge Christian. August 21, 1918.

*L. E. Lastinger, J. P. Knight, R. A. Hendricks,* for plaintiff in error.

*Patterson & Copeland, E. K. Wilcox,* contra.

BROYLES, P. J. 1. Under repeated rulings of the Supreme Court and of this court, when a special ground of a motion for a new trial sets forth a lengthy excerpt from the testimony of a witness, and complains that the court erred in excluding it as a whole, and some of the testimony so excluded is clearly hearsay and inadmissible, and it is not specified in the ground of the motion what parts of the testimony are admissible, the ground is too defective to be considered by the reviewing court. This ruling disposes of the 1st special ground of the motion for a new trial.

2. The testimony set forth in the 2d special ground of the motion for a new trial, referring to other notes than the ones sued on, was properly excluded.

3. The assignment of error in the 3d special ground of the motion for a new trial, failing to give the name of the witness whose testimony was excluded, is insufficient in form and can not be considered. *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192).

4. No error appears in the exclusion of the testimony complained of in the 4th, 5th, and 7th special grounds of the motion for a new trial. The testimony excluded, under the facts of the case, was irrelevant and immaterial.

5. The remaining special grounds of the motion for a new trial are merely amplifications of the general grounds.

6. It does not appear from the evidence that the notes sued upon were infected with usury. Where one buys outright a negotiable promissory note, the transaction is not rendered usurious because the discount upon the note amounts to more than the maximum lawful rate of interest. *Campbell* v. *Morgan,* 111 *Ga.* 200 (36 S. E. 621).

7. The evidence demanded, and the court properly directed, a finding for the plaintiff on four of the notes sued upon; and the evidence authorized the finding of the jury for the plaintiff on the remaining note. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*