10792.  CORONA *v.* DeLAVAL SEPARATOR COMPANY.

1. A ground of a motion for a new trial, as to the exclusion of evidence, is incomplete and not in proper form for consideration by this court where the entire ground, except a copy of a letter therein, is as follows: "Because the following material evidence offered by the movant was illegally withheld from the jury, against the demand of the movant, to wit, that certain letter dated October 3d, 1917, and signed by the plaintiff, of which the following is a copy." The materiality of the letter and how it affected the case could not be ascertained without examination of other parts of the record.

2. For no reason assigned did the court err in charging the jury as follows: "I charge you that if you find that the machine in question was delivered to the defendant, that if the defendant had the machine tested and accepted the same, and that he subsequently gave the notes for the payment of the amount in question, he could not be heard to complain that the machine in question was not suited for the purpose for which it was intended, or that it did not produce merchantable products."

3. Grounds of the motion for a new trial which are not argued in the brief of counsel for the plaintiff in error will be treated as abandoned.

4. The objection to testimony admitted is not sufficiently stated in a ground of the motion for a new trial that the court erred in admitting the testimony over objection "as to its irrelevancy."

5. The value of the property in question was shown prima facie by the agreed price in the contract of sale; and the evidence authorized the verdict rendered for the plaintiff.

DECIDED JANUARY 27, 1920.

Trover; from city court of Savannah—Judge Rourke. June 13, 1919.

DeLaval Separator Company brought trover against Corona for an "emulsor" sold by the plaintiff to the defendant for $525 and alleged to be of that value, in which, under the terms of two promissory notes of the defendant for $162.50 each, given for a balance due on the purchase price, title was reserved in the vendor until payment of the notes. The defendant in his answer "admits that he refuses to deliver said machinery to the plaintiff for the following reason:" It was sold to him as a complete and up-to-date emulsifier,—that is a machine that would mix the ingredients of milk or cream so as to produce a marketable product, such as cream that would whip or could be used in the manufacture of ice cream; he installed the machine in his place of business and the plaintiff promised to send a representative who would instruct him in its use, but the man sent by the plaintiff was ill-tempered and impatient with him, and, after collecting the first payment of $200 on the machine, the plaintiff's representative failed and refused to show or exhibit the machinery further. Defendant has tried to work the machine, but it has failed to produce the desired results and is unfitted for the purpose for which it was sold to him and is worthless to him. The expense incurred by him amounted to $150. The trial of the case resulted in a verdict in favor of the plaintiff, for $325. The exception taken to the instructions to the jury set out in the second headnote was that they "placed the entire defense upon a test of the machine, and precluded the consideration by the jury of any other circumstance set out in the answer or evidence showing failure of consideration or failure to comply with representation." One of the grounds of the motion for a new trial was that "there was no proof of value of the emulser."

*H. P. Cobb,* for plaintiff in error.

*O'Byrne, Harlridge & Wright,* contra.

BLOODWORTH, J. 1. "A ground of a motion for new trial in which error is assigned on the exclusion of certain testimony is insufficient when it does not appear from the ground itself that the exclusion of the testimony was prejudicial to the complaining party." *Campbell* v. *Walker,* 20 *Ga. App.* 88 (4) (92 S. E. 545). "Under repeated decisions of this court and of the Supreme Court,

each special ground of a motion for a new trial must be complete within itself; and when so incomplete as to require a reference to the brief of the evidence, or to some other portion of the record, in order to determine what was the alleged error and whether such error was material, the ground will not be considered by the reviewing court." *McCall* v. *State,* 23 *Ga. App.* 770 (1) (99 S. E. 471). The only allegation of error in the 4th ground of the motion for a new trial is that a certain letter dated October 3, 1907, signed by the plaintiff and copied in this ground of the motion, was material evidence, and was illegally withheld from the jury, against the demand of the movant. To ascertain how this letter was material, and how it affected the case in any way, would require reference to other parts of the record; and under the decision cited above and numerous other decisions of this court and the Supreme Court, this is not required.

2. The excerpt from the charge of the court of which complaint is made in ground 5 of the motion for a new trial is not erroneous for any reason assigned.

3. The 6th ground of the motion is not argued in the brief of counsel for the plaintiff in error, and will be treated as abandoned.

4. The 7th and 8th grounds each complain that the court erred in admitting certain testimony "over the objection of defendant as to its irrelevancy." Assignments of error as to the admission of testimony should be specific. It is not sufficient to say simply that the testimony was irrelevant. *Chambers* v. *Walker,* 80 *Ga.* 642 (9, 10), 649 (6 S. E. 165, 168); *Ingram* v. *Little,* 14 *Ga.* 174 (3), 184 (58 Am. Dec. 549).

5. There is ample evidence to support the verdict for the plaintiff for $325. A witness swore, "the purchase price was $525. This was paid by check for $200 and two notes for $162.50 each." The two notes, each for $162.50, payable to plaintiff and signed by defendant, were in evidence. "It has been held a number of times by this court, that, as between the original seller and the original purchaser, the agreed price as stated in the contract of sale is prima facie but not conclusive evidence of the actual value of the property, and that upon proof of the contract, in the absence of rebutting testimony as to value, the plaintiff was entitled to recover the balance due thereon." See *Carter* v. *American Slicing Machine Co.,* 23 *Ga. App.* 423. (2), 426 (98 S. E. 365), and cit.

*Judgment affirmed.* *Broyles, C. J., and Luke J., concur.*