### 11424. DAVIS *et al.*, executors, *v.* ALFORD.

1. A ground of the motion for a new trial in which it is alleged that the court erred in overruling a motion to exclude certain testimony set out, and which states, as the ground of the motion to exclude the testimony, that "movants contended that it affirmatively appeared from the evidence" that the witness "was the agent of . . the plaintiff," etc., but which does not set out any evidence from which that fact appeared, is incomplete and will not be considered.

2. A new trial is not required by any of the exceptions relating to the charge of the court.

3. A verdict supported by evidence and approved by the trial judge will not be disturbed by this court because of conflicting evidence.

DECIDED OCTOBER 5, 1920. REHEARING DENIED NOVEMBER 9, 1920.

Complaint; from Upson superior court — Judge Searcy. February 11, 1920.

The executors of Lizzie T. Hannah, deceased, were sued upon an alleged contract of the decedent to compensate the plaintiff by will for services in waiting on and caring for her during the remainder of her life. The plaintiff's allegations appear in the reporter's statement in 21 *Ga. App.* 821. This court held that a cause of action was stated; a subsequent trial resulted in a verdict for the plaintiff, the defendants moved for a new trial, the motion was overruled, and they excepted.

*R. B. Blackburn, J. R. Davis, Redding & Lester,* for plaintiffs in error.

*W. Y. Allen, Little, Powell, Smith & Goldstein,* contra.

BLOODWORTH, J. 1. In ground 2 of the amendment to the motion for a new trial it is alleged that the court erred in overruling a motion of the defendants to exclude certain testimony of Leon T. Alford, for the plaintiff, as to conversations between himself and Mrs. Lizzie T. Hannah; and the ground of the motion to exclude this testimony is stated as follows: "Movants contended that it affirmatively appeared from the evidence that Mrs. Lizzie T. Hannah was dead, and that Leon T. Alford, the witness, was the agent of his mother, Mrs. Maymie T. Alford, who was the plaintiff in the case and a party at interest, and, the principal being incompetent to testify, the agent, Leon T. Alford, would also be an incompetent witness concerning the subject-matter to which he testified." There is no evidence incorporated in this ground of the motion to support the contention that Leon

T. Alford was the agent of his mother in this transaction. "Under repeated rulings of this court and of the Supreme Court, a special ground of a motion for a new trial must be complete within itself, and will not be considered when a reference to the brief of evidence, or to some portion of the record, is necessary to enable this court to understand the assignment of error." *Holliday* v. *State,* 23 *Ga. App.* 400 (2) (98 S. E. 386). Applying the principle announced above, ground 2 of the amendment to the motion for a new trial presents nothing for the consideration of this court.

2. When all the facts and circumstances of the case and the entire charge of the court are considered, none of the grounds of the motion for a new trial which complain of errors in excerpts from the charge, and none which complain of the failure to give certain requested charges, show reversible error.

3. When this case was first before this court (21 *Ga. App.* 820, 95 S. E. 313), it was held that the petition set forth a cause of action; and while the evidence is conflicting, a jury by its finding has said that there is evidence to support the allegations of the petition; and, that finding having been approved by the trial judge, this court will not disturb the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J. concur.*