## 11913. BUSSELL *v.* WILLIAMS.

BROYLES, C. J. 1. Under repeated rulings of this court and of the Supreme Court a ground of a motion for a new trial will not be considered unless it is complete and understandable within itself.

(a) A ground based upon the exclusion of material evidence is too incomplete to be considered unless it not only shows on what ground the evidence was excluded but wherein the court erred in excluding it. Furthermore, where the materiality of the evidence excluded cannot be ascertained without an examination of other parts of the record, such a ground is too indefinite to raise any question for the consideration of this court. *Central of Georgia Ry. Co.* v. *Jaques & Tinsley Co.,* 23 *Ga. App.* 396 (2) (98 S. E. 357); *Corona* v. *DeLaval Separator Co.,* 24 *Ga. App.* 683 (1) (102 S. E. 44); *Summerlin* v. *State,* 25 *Ga. App.* 568 (16) (103 S. E. 832). Under the above rulings, neither the 1st nor the 2d ground of the amendment to the motion for a new trial in the instant case can be considered.

2. The evidence (as contained in the record) not demanding the verdict returned, the court erred in withdrawing the case from the jury and in directing them to return a verdict for the plaintiff.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 25, 1921.

Complaint; from city court of Dublin — Judge Flynt. October 18, 1920.

Jim Williams sued H. N. Bussell upon a promissory note for $50 principal, besides interest.. The defendant filed a plea in which he alleged that the note was a part of a contract, the consideration and terms of which were that he was to pay to the plaintiff $50 for the plaintiff's interest in a share crop cultivated ·with the defendant as landlord, provided that the plaintiff would work for him for the remainder of the year as a laborer for specified wages; that the main inducement to his execution of the note was to obtain the plaintiff's labor for the remainder of the year; that the plaintiff immediately breached the contract and deserted him and caused him to have on his hands for the remainder of the season an idle mule, which he was unable to get any one to work, and he was unable to get any one to take the place of the plaintiff, and was thereby damaged in the sum of $100. He prayed for recoupment of damages. By amendment he alleged that the breach of the contract caused him to have on his hands for six months an idle mule at a cost of $12.50 per month, and caused the loss of a ton of velvet beans, of the value of $30, which rotted in the field, and the loss of a bale of cotton of the value of $100. By an additional amendment it was alleged that the note was without consideration, and that the consideration had failed, because of the plaintiff's failure to comply with the contract. On the trial the court directed a verdict in favor of the plaintiff for $30.25 principal, besides interest and attorney's fees provided for in the note. The defendant's motion for a new trial was overruled and he excepted. The grounds of the motion, besides the usual general grounds, were:

(1) " Because the court excluded from the consideration of the jury the following legal and material evidence offered by H. N. Bussell in his own behalf as follows, to wit: ' It was worth at least $12.50 per month to feed a mule from June until December, 1917, and on account of Jim Williams leaving me, the mule he would have worked was a dead loss to me, and yet I had to feed him with expense of at least this amount. I would have made in cotton, corn, velvet beans and general farm products at least the value of the feed of this mule more than I did make if I had had the services of Jim Williams under his contract. ' The court ex-

cluded this evidence upon the objection of counsel that it related to damages too remote and speculative to be the basis of recovery."

(2) " Because the court excluded from the consideration of the jury the following material and legal evidence offered by H. N. Bussell in his own behalf as follows: ' Jim Williams leaving me at the season of the year he did caused me to lose at least a bale of cotton that I would have been able to have made more than I did make by the grass taking my crop and my inability to properly cultivate it without the labor of Jim Williams. With the labor of Jim Williams I would have been able to have kept the crop sufficiently clear of grass and to have given it sufficient cultivation to have made at least an additional bale of cotton of the value of $100.' " The court excluded said evidence on the objection of the counsel that the evidence related to damages too remote and speculative to be the basis for recovery in said case.

*J. S. Adams, R. Earl Camp,* for plaintiff in error.
*W. C. Davis,* contra.