### 11988. GAMMON *v.* THE STATE.

LUKE, J. 1. The instructions as to impeachment of witnesses, complained of in the first ground of the amendment to the motion for a new trial, were authorized by the evidence, and, when considered in connection with the entire charge of the court, present no reason for a reversal.

2. The court properly excluded the testimony complained of in the 2d ground of the amendment to the motion for a new trial.

3. "In order for the exclusion of oral testimony to be considered as a ground of a new trial, *it must appear that a pertinent question was asked* [italics ours], and that the court ruled out the answer; and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material, and would have benefited the complaining party." *Griffin* v. *Henderson,* 117 *Ga.* 382(2) (43 S. E. 712). Under the above ruling the 3d ground of the amendment to the motion for a new trial cannot be considered.

4. Grounds 4 and 5 of the amendment to the motion for a new trial, as to the exclusion of evidence, are incomplete and not in proper form for consideration by this court. These grounds, except a copy of an affidavit and a copy of a letter attached thereto as exhibits, are as follows: "Because the court erred in ruling out the affidavit of Charlie Galloway, sworn to before J. C. Knight, J. P., on the 13th day of April, 1920. This affidavit was offered, having been identified by the witness and ruled out by the court. A copy of this affidavit is hereto attached and marked exhibit 'A' and made a part of this ground of the motion for a new trial." "Because the court erred in ruling out a letter from George Lindsey, under date of April 11, 1920, and identified by the witness and offered in connection with his testimony. That portion of the letter hereto attached marked exhibit 'B' and made a part of this ground of the motion for new trial." The materiality of the affidavit and letter, and how they affected the case, could not be ascertained without examination of other parts of the record. See *Corona* v. *DeLaval Separator Co.,* 24 *Ga. App.* 683(1) (102 S. E. 44).

5. "The imposition of penalties within the limits fixed by law rests within the sound discretion of the trial judge, and this court has no jurisdiction to control such discretion," *Griggs* v. *State,* 17 *Ga. App.* 301(1) (86 S. E. 726), and cases cited. And see *Sable* v. *State,* 22 *Ga. App.* 768 (97 S. E. 271). Under this ruling the 6th ground of the amendment to the motion for a new trial is without merit.

6. There was evidence to authorize the verdict, which has the approval of

the trial judge, and for no reason assigned was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 9, 1921.

Accusation of bastardy; from city court of Polk county — Judge Tison. November 26, 1920.

1. Paragraph 1 of the decision relates to the following ground: "The court erred in charging the jury as follows: 'When witnesses have been impeached under these rules of law, it is your duty to disregard their testimony unless you believe the evidence introduced is sufficient to cause you to believe them; but finally it is with the jury as to what witnesses they will believe, whether or not they have been impeached, or whether or not you will believe the testimony of the witnesses sought to be impeached. Under the law you have the right to believe a witness although evidence has been introduced to impeach the witness, if you believe the witness has sworn the truth. The court has no opinion, and expresses none, as to what facts have been proven in the case. That is solely a matter for your determination. You look to the evidence as given in the trial and say by your verdict what the truth is." It is contended that this was error because it was not adjusted to the case as made by the evidence, it did not correctly state the law in regard to the impeachment of witnesses, and "if the court went into this matter he should have explained to the jury the different aspects of the law of impeachment of witnesses, without merely referring to the matter as was done in the extract above set out." The instructions complained of were immediately preceded by instructions in the language of sections 5880, 5881, and 5882 of the Civil Code (1910), as to impeachment of witnesses.

2. For the purpose of impeaching the prosecutrix, who testified that the defendant was the father of her bastard child, and that no other person than the defendant "had anything to do with" her during the year immediately preceding the birth of the child, the defendant sought to prove by a male witness that he (the witness) had "improper relations" with her prior to that year. The court excluded testimony to this effect, the judge saying: "The court will exclude any testimony prior to the

period of gestation; the evidence will be confined to along about the usual period of nine months or 280 days." This was complained of in the ground referred to in paragraph 2 of the decision.

3. The ground referred to in paragraph 3 of the decision was that "the court erred, as movant contends, in excluding the following testimony of" a named person (setting out in narrative form testimony to the effect that "about five years ago" the prosecutrix and a named male person were seen in certain woods, lying down, "in a compromising position"). "This evidence the court ruled out. Counsel for movant insisted that it was material as being impeaching, and further for the reason that the character of" the prosecutrix "was in issue."

5. The ground referred to in paragraph 5 of the decision was as follows: " 6th. Because the court exceeded his authority in fining the defendant a sum in excess of the amount of the bond designated by the statute, the fine being $900 and costs. Movant contends that said sentence and fine are illegal and null and void, and for this reason the verdict should be set aside and a new trial granted."

*Mundy & Watkins, Bunn & Trawick,* for plaintiff in error.