## 11907.  HAMBY *v.* CARNES.

BLOODWORTH, J.  1. The ground of the motion for a new trial which complains that the court erred in ruling out the following testimony of the plaintiff, to wit, "I did take Mr. Neel out there but—," should not be considered by this court, because the ground is not complete and understandable without reference to another portion of the brief of evidence. *Cæsar* v. *State*, 22 *Ga. App.* 796 (97 S. E. 255), and cases cited. Moreover, the brief of evidence shows that practically this same

evidence of the plaintiff went to the jury; and not only the brief of evidence but this ground of the motion itself shows that the defendant testified that the plaintiff carried Neel twice to look at the land. Therefore, if the exclusion of the evidence complained of was error, it was harmless.

2. Ground 2 of the amendment to the motion for a new trial cannot be understood without reference to other portions of the record, and fails to present any question for decision. See the preceding paragraph. Who are " Mr. Clay " and " Mr. Durham," referred to in this ground? What connection have they with this case? To what money does " that money," mentioned in this ground, refer?

3. Under the qualifying note of the presiding judge thereto, there is no merit in the third ground of the amendment to the motion for a new trial.

4. This is a suit brought by a real-estate agent for his commissions in negotiating a sale of land. The agent had a written contract with the landowner, Hamby, to sell the land, and secured a customer named Durham. A written contract was entered into between Hamby and Durham in which it was agreed that Durham was to pay Hamby $5,900 "on or before the 1st day of January, 1920." About November 10, 1919, Durham tendered Hamby $5,900 in cash, but Hamby refused to take it, and refused to make a deed to the land. Thereupon the real-estate agent brought·suit against Hamby for his commissions. As the evidence demanded a finding in favor of the plaintiff, a verdict was properly directed, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 11, 1921. REHEARING DENIED JUNE 14, 1921.

Complaint; from Cobb superior court — Judge Blair. October 4, 1920.

Application for certiorari was denied by the Supreme Court.

The grounds of the motion for a new trial referred to in paragraphs 1, 2, and 3 of the decision respectively were:

" 1. Plaintiff had already introduced in evidence the agreement of sale between L. B. Carnes, as agent for R. E. Hamby, to .C. L. Durham, and approved by R. E. Hamby, selling that farm, dated July 22, 1919. The suit was for commissions growing out of the sale made and evidenced by this particular contract. One of the contentions of the defendant was that plaintiff had acquiesced in Durham's backing out from the contract, and had thereby relieved Hamby from any claim of commissions on that particular ·trade. On cross-examination of the plaintiff, counsel for defendant asked the following question: Q. ' After you received this letter from Durham [the letter set out in the brief of evidence from C. L. Durham to L. B. Carnes, dated October 26, 1919], who else did

you take out to Hamby's to try to sell this property?' A. 'I did take Mr. Neel out there, but—' Before the witness finished his answer, counsel for plaintiff made objection to the question, and the court sustained the objection, and the question (and the answer, of course) went out. Although the court permitted the defendant later on to testify that plaintiff brought Mr. Neel out there and tried to sell him the same lands after the contract of sale had been signed up with Durham, after Durham wrote Carnes the letter that the trade was off, still defendant insists that he should have been allowed to prove the same thing by the plaintiff on cross-examination if he could, and that the refusal of the court to allow the witness to answer this question was error, and that the sustaining of the objection above set out was error. Defendant excepted to said ruling at the time; he excepts now, and assigns the same as error."

" 2. There was no evidence in the record, when plaintiff was being cross-examined, that Durham had Clay employed as his lawyer. On further cross-examination of plaintiff, defendant's counsel asked plaintiff the following question: Q. 'Mr. Clay told Mr. Durham — your lawyer — if he didn't go up there and offer that money, that he owed you $450?' Plaintiff's counsel objected. The court made inquiry as to whether or not this remark by Mr. Clay to Mr. Durham was before or after the tender to Hamby. The reply was that it was before. The court then ruled that the objection was sustained, in the following language: 'You can't go into the advice of a lawyer to his client.' In further ruling on the objection the court ruled: 'The question is what was done. The question is, Was this money taken out there and tendered; was it or not; and, if it was, did the defendant make a deed?' To this ruling the defendant excepted, he excepts now, and assigns the same as error. He insists that there was nothing in the record and nothing in the evidence that showed Mr. Clay to be the attorney of C. L. Durham at the time of the conversation or remark asked about, and that the assumption of the court that such was the case was unwarranted by the record or the evidence, or by both taken together, nor was the objection put by counsel upon that ground. The truth is, it was not put upon any ground. Upon the second section of the ruling, that the sole question was whether or not the tender was made, and whether or not the deed was

signed by the defendant, defendant insists that this was not the only question involved in the issues being tried. He insists that the question of the bona fides of the tender was being made, and that the plaintiff, knowing that Hamby was acting upon the letter of October 26, 1919, and the conversation between himself and plaintiff had placed himself where he could not make a deed, coerced the plaintiff to make a tender the plaintiff knew he, the defendant, could not accept, and in this way build a foundation for a recovery in his contemplated suit."

"3. After the evidence of plaintiff was all in and defendant was on the stand being examined in chief, he testified that after he got the letter of October 28, 1919, from C. L. Durham he told the plaintiff that Durham had backed out, and 'Your contract for 90 days has expired, Mr. Durham has refused to take the place, and I am going to pull it down; your contract for 90 days has expired and [?] have no more right than anybody else has;' he says, 'You can let the old man down easy if you want to, but he has got to pay me.' The defendant's counsel asked this question: 'After that did you sell any part of the land yourself?' Objection was made by plaintiff's counsel that the question was irrelevant, incompetent, and immaterial. The court sustained the objection and the witness was not allowed to answer. To this ruling the defendant excepted; he now excepts and assigns the same as error and contrary to law. . . Defendant insists that this evidence was clearly admissible to show a release of the defendant, and that he should have been allowed to show that acting upon this release he placed himself, by selling a part of the same land, in such condition that he could not make a deed when plaintiff made the tender. Defendant insists that if plaintiff's acts and words had been conducive to defendant's selling part of the land to some one else, so that he could not accept the tender even if he so desired, plaintiff would be bound by his acts and words allowing defendant to let Durham back out, and that when plaintiff acquiesced in allowing Durham to call the trade off, he by such acts and words relinquished any claim to commissions from defendant." To this ground the judge added the following note: "The defendant made no contention in his pleadings that he had sold any part of his farm or so changed its status that he could not convey to Durham. The amendment allowed July 20th was not presented until after

the evidence was closed, and the evidence was not offered until after the amendment was allowed." This amendment was to the effect that after the plaintiff and the defendant received letters from Durham refusing to carry out the contract of purchase of the defendant's lands, the plaintiff told the defendant that he (the defendant) could let Durham out of the trade, but that he (the plaintiff) intended to make Durham pay him (the plaintiff) ; and that, acting upon this statement, the defendant sold a part of the property before the alleged tender; that both he and the plaintiff agreed that the sale was off, and he did not know that the plaintiff claimed the right to have the sale carried out, until after he (the defendant) had sold a part of the property.

*H. B. Moss,* for plaintiff in error.

*Clay & Blair, J. Glenn Giles,* contra.