### 13614. CITY OF LAGRANGE v. COTTER.

BELL, J. 1. An assignment of error in a motion for new trial which fails to give the name of the witness the exclusion of whose testimony is complained of therein is insufficient in form and cannot be considered. The assignment must also disclose by whom the witness was offered. The reasons for this rule are stated in *Sims* v. *Sims*, 131 *Ga.* 262 (62 S. E. 192). See also *Mutual Canning Co.* v. *DeGuenther*, 23 *Ga. App.* 746 (3) (99 S. E. 319).

2. Where error is assigned upon the exclusion of evidence, the materiality of which must depend upon additional evidence not shown in the assignment, the assignment of error is too incomplete to raise any question for the consideration of this court. *Central of Georgia Ry. Co.* v. *Jaques & Tinsley Co.*, 23 *Ga. App.* 396 (2) (98 S. E. 357); *Corona* v. *DeLaval Separator Co.*, 24 *Ga. App.* 683 (102 S. E. 44); *Bussell* v. *Williams*, 26 *Ga. App.* 190 (1, *a*) (106 S. E. 17); *Davis* v. *Alford*, 25 *Ga. App.* 671 (104 S. E. 644).

3. An error in the rejection of testimony of a witness at one stage of a proceeding is harmless if substantially the same evidence is by the same witness given elsewhere in the trial, and allowed to remain before the jury. *Shields* v. *State*, 22 *Ga. App.* 618 (2) (97 S. E. 90); *Holderness* v. *Hutcheson Mfg. Co.*, 25 *Ga. App.* 612 (3) (103 S. E. 838); *Hamby* v. *Carnes*, 26 *Ga. App.* 788 (107 S. E. 615).

4. Assignments of error must specifically point out why the ruling or decision complained of is error. A general averment of error in the exclusion of stated evidence is therefore insufficient. *Wall* v. *Hawker Pottery Co.*, 27 *Ga. App.* 255 (2) (108 S. E. 134).

5. One or more of the foregoing rules will apply to each of the grounds of the amendment to the motion for a new trial, and these grounds cannot be considered without doing violence to well-established rules of practice.

6. The general grounds of the motion for a new trial are in no way referred to in the briefs of the plaintiff in error. However, an examination of the record discloses that the verdict returned in favor of the plaintiff was not without some evidence to support it; especially so since, in addition to the evidence set forth in the record, it appears that the jury were allowed by agreement to visit and inspect the scene of the alleged damage. *City of Atlanta* v. *Milam*, 95 *Ga.* 135 (2) (22 S. E. 43); *Atlanta & West Point Railroad Co.* v. *Mims*, 122 *Ga.* 422 (50 S. E. 137). *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*