15199.   THURMOND *v.* STATE OF GEORGIA.

The verdict against the claimant of the motor-truck seized because of being loaded with whisky was authorized by the evidence, from which it appeared that at the time of the seizure he was riding in a Ford car about 100 yards in front of the truck which was so loaded.

The question as to the propriety of the testimony relative to the general reputation of the claimant and his bondsman—his alleged accomplice —in regard to previous dealings with liquors is not properly presented.

DECIDED APRIL 24, 1924.

Confiscation under liquor law; from Forsyth superior court— Judge Blair.   November 3, 1923.

*E. Smyth Gambrell, Underwood, Pomeroy & Haas,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.

JENKINS, P. J.   This was a proceeding to condemn an automobile truck which had been seized by the public authorities on a public highway, and which was being used to convey 163 gallons of whisky.   Plaintiff in error filed a claim, and sought to show that his car was being thus used without his knowledge or consent, testifying that it had been stolen the night previously from a garage in another county, and submitting the testimony of certain other persons that he had promptly reported the loss to the sheriff of the county of the alleged theft and to other persons.   His own testimony and the testimony of these witnesses sworn in his behalf, if accepted by the jury, would have also established or strongly tended to establish an alibi as to the claimant's actual presence at the time and place of the seizure.   There was plain and direct testimony, however, on behalf of the State, to the effect that the

claimant, in company with his bondsman in the present litigation, was at the time of the seizure riding in a Ford car about 100 yards in front of the truck loaded with whisky. The jury found against the claimant, who excepts on the general grounds, and because the State was allowed to introduce certain evidence relating mainly to the general reputation of the claimant as to his hauling and selling whisky, as well as to the reputation of his bondsman in that respect, with whom, according to the State's evidence, he was riding in front of the whisky truck at the time the seizure was made.

1. A verdict was not demanded against the claimant, but the facts and circumstances shown by the evidence for the State were such as authorized the jury to reject the theory of his defense and to find the verdict as rendered.

2. The several exceptions made to the admission of evidence are without merit, since in considering each of them it appears either that the testimony complained of was actually excluded by the court, or that no objection was made at the time the witness was being interrogated, or that the witness himself failed and refused to give the testimony sought, or that the exception fails to disclose the name of the witness whose testimony it is contended should have been excluded on claimant's motion. See *Sims* v. *Sims,* 131 *Ga.* 282 (62 S. E. 192); *City of LaGrange* v. *Cotter,* 29 *Ga. App.* 577 (1) (116 S. E. 204); *Royal* v. *Montfort,* 30 *Ga. App.* 780 (3) (119 S. E. 427). Consequently, the question as to the propriety of the testimony relative to the general reputation of the claimant and his bondsman, his alleged accomplice, as to previous dealings with liquor is not presented for determination.

*Judgment affirmed. Stephens and Bell, JJ., concur.*