32889. McCULLOUGH *v.* THE STATE.

Decided March 16, 1950.

*Hicks & Culbert,* for plaintiff in error.

*J. Brantley Edwards, Solicitor,* contra.

GARDNER, J. 1. The defendant was found guilty of illegally transporting spirituous liquors as defined by the Code (Ann. Supp.), § 58-1011, upon which the State tax and license fee due the State of Georgia had not been paid, and which did not bear the tax stamps required by the Code (Ann. Supp.), § 58-1056. The defendant in due course filed his amended motion for a new trial. This motion was overruled. The defendant assigns error here on this judgment. Briefly, but we think sufficiently clear for a correct understanding of the evidence, the jury were authorized to find from the testimony that the Sheriff of Polk County apprehended the defendant at about daybreak on a highway known as Easom Hill-Treat Mountain Road, leading to Treat, Georgia, in Polk County. The evidence further shows that the officers stopped the defendant, who was riding in a green Ford car; that at about the time the officers stopped the defendant they observed a slat-body automobile-truck about 75 or 100 yards behind the defendant traveling in the same direction; that a person operating the truck stopped it and fled; that the officers for about one and one-half or two hours thereafter searched for the driver of the truck, but never did apprehend him. After attempting to apprehend the truck driver, the officers returned to the truck which was loaded with a large quantity of spirituous liquors on which the State stamps were not affixed; when the officers returned to the truck, they again saw the defendant in the same vicinity about a quarter of a mile from where the truck was stopped. The officers asked the defendant for certain identification cards, and he pulled out a container from his pocket, apparently to obtain some sort of identification of himself. In doing this the defendant endeavored to conceal an instrument from the officers. This instrument the officers obtained from the defendant. It was what in all respects appeared to be a motor registration certificate issued by the State of Georgia bearing the same motor number as the truck on which was loaded the contraband liquor. It was not issued in the name of the defendant. It was issued in the name of Mrs. Pearl Highfield. During this second contact of the officers by the defendant, he contended that he knew nothing about the truck and that he had never owned it; that

the certificate had been given him by an automobile dealer to deliver to some third person; that he knew nothing about the truck and never owned it or had anything to do with it. The Sheriff and Deputy Sheriff of Polk County arrested the defendant, took the green car in which he was riding and the truck and the contraband liquor to the jail in Polk County.

When the officers made the contact with the defendant the second time, he stated that he had gone to Treat to get some hardware. The officers testified that there was no hardware of any kind in the car of the defendant except a pistol, nor was there any hardware store in Treat. After the defendant had been arrested he stated that he had owned the truck in which the liquor was found, but that he had sold it shortly before he was arrested—three or four days before. The defendant lived in Floyd County, Georgia. The Sheriff and the Deputy Sheriff of Floyd County were called by the Sheriff of Polk County to inspect the car in which the defendant was riding and the truck. The officers of Floyd County testified in effect that the evening before they saw the green car in which the defendant was riding and the truck together in front of what was generally understood to be the residence of the defendant. The green car in which the defendant was riding at the time of the seizure was later seen in Rome, Georgia, at the same place, but the truck was never seen there any more after it was seized. The truck was condemned and was never returned to Floyd County. The defendant was served with a copy of these condemnation proceedings. He did not appear. These condemnation proceedings were introduced in evidence. The defendant introduced no evidence and made the following statement: "Well, gentlemen, there is not much I know about this. My brother came down and got me where I stayed, to go to Alabama to do some work on the farm down there. That was on June the first. I went down there on the evening of the first and took what I had to have, and so next morning I wanted to get back to Rome before he went to work—he went to work about 7 o'clock. I left down there about 4:30 or a quarter of 5:00 and came on through the mountains the way we always go back and forth down there to the farm, and so I got up there at Treat Mountain and Mr. Redding stopped me and asked me where I was going. I told

him I had started to Rome after some barbed wire and stuff to use on the farm. All at once he slammed the door to and says, 'You can go ahead' and I went ahead. I went to Rome, and right this side of town I called up a fellow I traded with and asked him did he have the barbed wire and he said no, . . but he would get it that day and he would sent it to my brother's and he would bring it back the next day, and I told him all right. I got back in my car . . and I got back on top of the mountain about a mile or a mile and a half, something like that, from where he stopped me the first time, and he stopped me again, the sheriff did, and commenced asking me about the truck following me. I told him I hadn't seen anybody behind me, and then he commenced describing the truck and asked me did I own a truck and I told him I didn't, and I did not. He asked me to show him the receipts or credentials or something, who I was and what I was doing. I showed them to him and I had a tag receipt for a truck. I didn't know that this was the tag for that truck or whose truck. Mr. Edge, a fellow that works in his spare time at a filling station, he swaps about and sells cars, and he had given me some tag receipts to give to fellows when they come there, to give to them for cars they had sold where they could have them changed, and I had two or three different ones in my pocket. Well, he kept this one, and he said, 'I am going to carry you to jail.' I had started to Alabama to work when he picked me up, and as far as knowing anything about the truck being behind me, I didn't. I had started down there to work, and I do not live on the Cave Springs highway. I live off the Cave Springs road, on what is known as the Pollard road. Mr. Johnson ought to know where I live."

2. Under the general grounds, in our opinion the evidence, though circumstantial, is sufficient to sustain the verdict of guilty. The court fully charged the law of circumstantial evidence. The plaintiff in error relies for reversal on the general grounds on the case of *Davis* v. *State*, 28 *Ga. App.* 772 (113 S. E. 115). The evidence in that case and in the instant case clearly distinguish them. We think the facts in the instant case are more similar to the facts in the case of *Thurmond* v. *State*, 32 *Ga. App.* 210 (122 S. E. 793). We think that the evidence is stronger in the instant case and is amply sufficient to exclude every

other reasonable hypothesis save that of the guilt of the accused.

3. Special grounds 1 and 2 will be dealt with together, as they are so treated by distinguished counsel for the defendant. They are to the effect that the purported certificate of registration of the truck in question was admitted in evidence over timely objections of counsel for the defendant. It is contended that the registration certificate was not properly identified as a certificate issued by the proper authority of the State; that it was not issued to the defendant; that it was incompetent testimony and highly prejudicial. It must be kept in mind that the defendant at first denied any knowledge of the truck or that he ever owned it, and that he attempted to conceal the certificate from the officers and that he thereafter admitted that he had owned the truck; that he did know about it. It is our opinion that the possession of this certificate was properly admitted as a circumstance and explanation of the defendant's conduct and to rebut his statement to the officers at the time of his arrest. It may be conceded that the certificate was not genuine (but there is no evidence that it was not genuine), and that it was issued to Mrs. Highfield at the instance of the defendant and perhaps as a subterfuge to protect him in the use of the car under his direction. We think that all these matters were questions for the jury, and that the certificate was properly admitted in evidence for the purpose of showing how the truck was being used. The defendant in his statement attempted to explain his possession of the certificate, but the jury apparently disbelieved him. The assignments of error on these grounds require no reversal.

4. Special ground 3 assigns error because the court, over timely objections of the defendant, admitted in evidence condemnation proceedings of the truck in question. The condemnation proceedings were the highest and best evidence the State could produce to show that the truck in question was held in Polk County. This evidence is admissible, along with the testimony of the Sheriff of Floyd County to the effect that he never saw the truck again after it was seized, but had seen it with the green Ford car in which the defendant was riding before the truck was seized. It appears proper, under all the facts and circumstances of the case, for the State to explain by some means that the truck re-

171

mained in Polk County after it was seized. It would appear, therefore, that the introduction of this evidence was proper, under all the facts and circumstances of this case as developed by the record. We can find no reason why the introduction of these proceedings produced illegal harm to the defendant.

5. Special ground 4 assigns error because the court, after having introduced the condemnation proceedings, erred in failing to charge the jury, even without a written request, with reference to the purpose of the evidence, in that the prosecuting attorney for the State stated that the proceedings were introduced for the one purpose only—to show that the truck was retained from the date of its seizure in Polk County by the Sheriff of Polk County until the date of its sale. In the absence of a written request to charge, as here contended, on this particular phase, it is our opinion that the whole charge in connection with the full charge on circumstantial evidence, was sufficient.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*