37495.   STATE HIGHWAY DEPARTMENT *v.* TIFT.

TOWNSEND, Judge.   1.   A jury verdict was rendered in favor of the condemnee in this condemnation case against the condemnor. Its motion for a new trial on 2 special grounds and the general grounds was denied, which judgment is assigned as error.

"An error in the rejection of testimony of a witness at one stage of a proceeding is harmless if substantially the same evidence is by the same witness given elsewhere in the trial, and allowed to remain before the jury." *City of LaGrange* v. *Cotter*, 29 *Ga. App.* 577 (3) (116 S. E. 204). See also *Southern Ry. Co.* v. *Hardeman*, 130 *Ga.* 222 (1) (60 S. E. 539). Both special grounds of the amendment to the motion for new trial here assign error on the court's sustaining an objection to the following question: "Let's assume some of that land does not have all that depth all the way back—that it doesn't go but half way back, would that affect your valuation on the land per foot?" The court ruled: "He may answer that question if counsel desires to point out what lands the assumption includes that do not extend back from U. S. Highway 82 to the railroad . . . I will sustain the objection . . . If counsel wishes to reframe his question to embody the true facts, I will permit him to." The witness had testified that the value of land fronting on U. S. Highway 82 was $50 to $70

per front foot. Plats in evidence showed that some of this land extended back to the railroad and some did not. A stipulation also showed the land as fronting 855 feet on the highway and 220 feet on the railroad. Counsel for the condemnor then referred the witness to the plat, and, choosing a strip of the defendant's lands fronting on the highway, between 500 and 600 feet from the intersection, asked the witness to assume "that strip does not go all the way back to the Coast Line but goes back some 75 feet." The witness placed a value upon such land of $40 per front foot, and the evidence was admitted without objection. Counsel thus obtained the information which he sought in the original question, and his right to a thorough and sifting cross-examination was in no way abridged. The special grounds are without merit.

2. The general grounds, not being argued or insisted upon, are treated as abandoned.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED JANUARY 15, 1959.

*Maxwell A. Hines,* for plaintiff in error.
*Seymour S. Owens,* contra.