40334. CARIBBEAN & SOUTHEASTERN DEVELOPMENT CORPORATION et al. v. UTZMAN.

DECIDED SEPTEMBER 25, 1963.

*Arnall, Golden & Gregory, H. Fred Gober,* for plaintiffs in error.

*Poole, Pearce & Hall, William F. Lozier,* contra.

RUSSELL, Judge.  1. Special ground 1 of the amended motion for new trial complains that the plaintiff was not compelled on cross examination to answer the statement, "You might say

whom you were representing." "An error in the rejection of testimony of a witness at one stage of a proceeding is harmless if substantially the same evidence is by the same witness given elsewhere in the trial and allowed to remain before the jury." *City of LaGrange v. Cotter*, 29 Ga. App. 577 (3) (116 SE 204); *State Hwy. Dept. v. Tift*, 98 Ga. App. 820 (1) (107 SE2d 246).

The plaintiff was also asked on cross examination, "Just tell me, then, who you represented in this sale?" and replied, "I represented Mr. Goldgar and Mr. Dever." The issue was covered several times, and the isolated refusal to allow the question again is no cause for a new trial.

2. The remaining special grounds contend that the evidence in the case demands certain conclusions incompatible with the plaintiff's right to prevail, but fails to set out the evidence or refer to the parts of the record where pertinent excerpts are to be found. The grounds are incomplete within themselves and cannot be considered, *Kirby v. Whitlock-Dobbs, Inc.*, 97 Ga. App. 159 (3) (102 SE2d 631), *Taylor v. Murray*, 102 Ga. App. 145 (1) (115 SE2d 776), except insofar as certain of the questions raised are also involved in the general grounds of the motion for new trial. The undisputed testimony is that the plaintiff, a real estate saleswoman working for Palmer Realty Co., had on previous occasions purchased or sold properties on behalf of the defendant Goldgar in connection with several corporations owned or controlled by him; that Goldgar was president of the defendant Caribbean & Southeastern Development Corp. and also of its wholly owned subsidiary, Atlanta Amusement Properties, Inc.; that he wished to purchase some property for the latter and Mrs. Utzman thereupon placed a long distance call to the owner, Dever, to see whether he was interested in selling; that the negotiations so initiated resulted in the purchase of the property; that the settlement statement signed by the purchaser and seller showed, as a credit to the purchaser, the transfer of Caribbean stock of the value of $37,500 to the agent; that the settlement agreement contemporaneously executed and signed by the purchaser, seller, broker, and by Caribbean through its president, Goldgar, contained the terms of purchase and included the provision: "Atlanta Amusement

Properties, Inc. hereby causes to be transferred to Palmer Realty Co. 7,500 shares of the capital stock of Caribbean & Southeastern Development Corp." Later 60% of these shares, or 4,500 were transferred directly to Mrs. Utzman and are the basis of this action; 40% or 3,000 shares were transferred directly to Palmer Realty Co. The testimony was that this represented the commission and Mrs. Utzman was under the circumstances of the sale entitled to 60% of the total. 7,500 shares valued at $37,500 is a value of $5 per share, and 4,500 shares of this value would represent $22,500, the amount for which the action was brought and judgment obtained. In view of the agreement of all parties, as shown by the settlement agreement and statement, that the 7,500 shares had a total value of $37,500, the contention that plaintiff failed to prove the value of the stock is unsubstantiated. Nor is her testimony that she regarded herself as representing both the purchaser and seller in the transaction any bar to her recovery, for the defense of dual agency pleaded as a bar to recovery is good only where the agent has acted "privily" to the advantage of one party against the other without his knowledge, or where the agent in such a situation seeks to claim commissions from both. *Gann v. Zettler*, 3 Ga. App. 589 (60 SE 283); *Ballew v. Ware & Harper*, 16 Ga. App. 149 (1) (84 SE 597); *Winer v. Flournoy Realty Co.*, 27 Ga. App. 87 (107 SE 398); *Red Cypress Lumber Co. v. Perry*, 118 Ga. 876 (1) (45 SE 674). Goldgar instructed the plaintiff to find some property for him; he knew that she contacted Dever in this regard; all parties assented to the trade custom that the seller would be responsible for the commission, and although the consideration, the 4,500 shares of stock, emanated from Goldgar's company, its subsidiary was credited with the value of such stock at the rate of $5.00 per share against the purchase price. None of this amounts to a dual agency within the meaning of the inhibition preventing a person from serving two opposite parties simultaneously without their knowledge and consent.

The plaintiff's testimony as to her failure to return the stock for taxation (which, if wilful, would be a bar to her action under *Code Ann.* § 92-125) was that she had a side agreement

380

with Goldgar that he would redeem the stock within a year, that it was never intended she become a stockholder in the company and she did not know, until the day before the trial, that she should have reported the stock in view of these circumstances. The issue of whether her failure to make the report was wilful, involving as it does the question of intentional concealment, is one of fact for the trial court to decide, and not one of law for this court. The trial court apparently accepted the plaintiff's explanation as evidenced by the judgment in her favor.

The plaintiff proved her case substantially as laid, and there was no error in overruling the motion for new trial.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*