## SHORE v. FERGUSON.

BECK, J. 1. This being a suit for the recovery of damages from injuries sustained by reason of alleged negligence in running an automobile by the defendant, in consequence of which negligence the automobile was brought in collision with the plaintiff's buggy, thereby damaging the buggy and causing the animals attached thereto to run away, the court did not err in charging the jury in the following language: "I charge you that the court can not tell you what is or what is not negligence, but the plaintiff before he can recover, if he recovers at all, it must be upon the acts of negligence as alleged in the petition." This charge is not open to the criticism that it was an expression of opinion by the court that the acts charged as negligence in the petition constituted negligence. The charge was cautionary in its nature, limiting the jury, in their consideration of the question whether negligence upon the part of the defendant had been shown or not, to those acts of negligence alleged in the petition. Similar exceptions were taken to other portions of the charge, in several of the grounds of the motion for a new trial, but they are entirely without merit.

2. The statement of the contentions of the parties was substantially correct and sufficiently detailed.

3. The mere failure of the court to state in express terms that the contentions as made in the pleadings were not evidence, there being nothing in the charge to indicate to the jury that those contentions could be considered as evidence, is not ground for the grant of a new trial.

4. Exception is taken to the following charge of the court: "I charge you that an automobile has an equal right of passage on a public highway with a buggy or any other conveyance; it does not have a greater right to the highway or road than a buggy or conveyance, but it has the same right to go along the road; yet the driver of each must observe towards the other proper caution—each must observe ordinary care and caution." This charge is not open to the criticism that "it was calculated to prejudice the jury against the automobile and thereby injure defendant." The

42

excerpt quoted was a substantial statement of the law upon the subject covered. *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (80 S. E. 36).

5. A charge in the following language was somewhat inapt: "If the jury believe that the plaintiff will suffer pain in the future, damages can be recovered therefor; and if the defendant is liable, the amount to be recovered resting on your enlightened consciences; that is, if you determine the defendant was negligent, the plaintiff has a right to recover." But, considered as a whole, it stated in substance the proper measure of damages for future pain and suffering in case it should be made to appear from the evidence that the plaintiff was entitled to recover therefor, to wit, the enlightened consciences of the jurors.

6. While some inaccuracies of language appear in other portions of the charge complained of (those portions relating to the use of the mortality tables and to the measure of damages), they are not of such a character as to require the grant of a new trial.

7. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

NOVEMBER 13, 1914.

Action for damages. Before Judge Jones. Habersham superior court. August 22, 1913.

*J. J. Kimsey* and *Samuel Kimzey,* for plaintiff in error.

*J. C. Edwards & Sons,* contra.