### 8914.  GARRETT *v.* THE STATE.

1. The conviction of the offense of bastardy was authorized by the evidence.
2. The grounds of the motion for a new trial relating to the refusal of the court to allow witnesses to answer certain questions are not in proper form for consideration.
(a) Testimony in response to the question as to the number of bastardy warrants sworn out by the father of the prosecutrix for his daughters would not have been admissible for the purpose of showing her general character.
3. The charge of the court touching impeachment of witnesses was not subject to the exceptions taken.

DECIDED AUGUST 3, 1917.

Indictment for bastardy; from Paulding superior court—Judge Bartlett. April 14, 1917.

Paragraph 3 of the decision relates to the following instruction: "When a witness is impeached by general bad character, it is for you to determine what weight shall be given the attacking evidence, —that is, the evidence that attacks, as well as the attacked evidence. It is for you to determine. So take the case and look at it, and consider what witnesses, if any, have testified as to bad character, and as to whether or not the attempt to impeach has been successful, and what credit, as before stated, should be given both the attacking and the attacked evidence." It was alleged that this was error, because "it instructed the jury in effect that although they might find that a witness had been impeached successfully, still the jury had a right, after so finding, to believe such impeached witness in preference to the witness by whom such impeachment was made," and because it tended to lead the jury [to the conclusion?] that there had only been an attempt to impeach, and that the impeachment had not been complete;" and further, because the word "attempt" was "the improper word to use in charging the jury, and the court should have left off said word entirely and used another word instead." An additional

ground of the motion was that the charge of the court on the subject of impeachment of witnesses was not sufficiently full and specific.

*C. D. McGregor, Smith & Moore,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general, C. B. McGarity,* contra.

· WADE, C. J. 1. The evidence for the State was direct and positive and authorized the verdict. The character of the witnesses and the comparative value of their testimony were matters to be determined by the jury, and can not be considered by this court.

2. The 1st ground of the amendment to the motion for a new trial complains that the court declined to allow a witness for the defendant "to answer the following question propounded by counsel for defendant: 'Where is Gus Backers now?' For the reason that said evidence was admissible to show that Gus Backers had run away, which was a circumstance to show his guilt after the defendant showed that Gus Backers and Mary Stiles, the mother of the child, had been seen in the woods together just nine months before the child was born." Each ground of a motion for a new trial must be complete in itself, and it does not appear from this ground of the motion that the judge was advised, *at the time* he declined to allow the witness to answer the question, what the answer to the question would be or the purpose thereof. "Grounds of a motion for a new trial complaining of the refusal of the court to allow a witness to answer a certain question of counsel must be complete and must of themselves disclose the expected answer and that the judge was informed of it." *Western & Atlantic R. Co.* v. *Waldrip,* 18 *Ga. App.* 263, 264 (3) (89 S. E. 346). ·

The 2d ground of the amendment of the motion for a new trial is for the same reason defective. This ground is as follows: "Because the court refused to allow Charlie Stiles, the father of Mary Stiles, to answer the following question propounded to him by counsel for defendant: 'How many bastardy warrants have you sworn out for your girls?' For the reason, as movant contends, that said evidence was admissible to show that Charlie Stiles ran a lewd house and that Mary Stiles lived with him, and to show the general character of the witness and prosecutor, Mary Stiles. This ruling will be found on the 7th page of the brief of evidence."

Testimony in response to this question, however, would not have been admissible for the purpose of showing the general character

of the prosecutrix. See *Rudulph* v. *State,.* 16 *Ga. App.* 353 (7) (85 S. E. 365), where it was said: "The court did not err in refusing to admit testimony that the 'reputation for chastity' of the mother of the bastard was bad, or that her 'general reputation and character for chastity prior to March 25, 1912' (about the time the bastard must have been begotten), was bad. . . While it has been held that, in a prosecution for bastardy, proof of specific instances of sexual intercourse between the mother of the bastard and other men than the accused, at and near the beginning of the period of gestation, when the bastard must have been conceived, is admissible, not for the purpose of impeaching her character, but as tending to show that some other person than the accused may have begotten the child (1 Wig. Ev. § 133, pp. 195-6; 5 Cyc. 661; 3 R. C. L. § 44, p. 763; State *v.* Roderick, 77 O. St. 301, 82 N. E. 1082, 14 L. R. A. (N. S.) 733), proof of the reputation or character of the woman is not admissible for the purpose of showing this fact." See additional discussion and cases cited, in the *Rudulph* case, supra; also *Morgan* v. *State,* 17 *Ga. App.* 124 (86 S. E. 281).

3. There was no error in the charge of the court touching impeachment of witnesses by proof of general bad character, as an abstract statement of the law, and it does not appear that a written request for any fuller or more specific instruction was made. See *Rice* v. *Eatonton,* 15 *Ga. App.* 505 (83 S. E. 868), and numerous cases there cited; *Rudulph* v. *State,* supra; *Smith* v. *State,* 17 *Ga. App.* 298 (2) (86 S. E. 600); *Brown* v. *State,* 17 *Ga. App.* 402 (2) (87 S. E. 155); *Hagin* v. *Rogers,* 17 *Ga. App.* 515 (87 S. E. 769). Omission altogether to charge as to the impeachment of witnesses is not error in the absence of request. *Wyatt* v. *State,* 18 *Ga. App.* 29 (2) (88 S. E. 718); *Winder* v. *State,* 18 *Ga. App.* 67 (88 S. E. 1003); *Seaboard Air-Line Ry.* v. *Barrow,* 18 *Ga. App.* 261 (2) (89 S. E. 2); *Garrison* v. *State,* 17 *Ga. App.* 314 (3), 315 (86 S. E. 743); *Shropshire* v. *State,* 15 *Ga. App.* 345 (3) (83 S. E. 152). There is therefore no merit in the 3d and 4th grounds of the amendment to the motion for a new trial.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*