## 29634. CLAXTON *v.* HOOKS.

DECIDED NOVEMBER 20, 1942.

*C. S. Claxton,* for plaintiff in error.    *E. L. Stephens,* contra.

STEPHENS, P. J.   Annie Jane Hooks, a minor, by Minnie Hooks, her mother as next friend, filed suit for damages against M. A. Claxton. She alleged that on March 21, 1940, around nine o'clock in the morning, as she was walking on a bridge located on the highway between Kite, Georgia, and Swainsboro, Georgia, and over the O'Hoopee river, she was struck by an automobile operated by the defendant and injured; that she was walking in an easterly direction on the left side of the bridge; that in order to avoid being hit by a truck coming toward her she walked across the bridge to the right side, continuing her walk in an easterly direction, and while passing the truck the defendant, who was traveling east on

the bridge, approached her from the rear and struck her "while she was on the right-hand side of said bridge, where she had a right to be;" that she had no notice or warning of the approach of the defendant from the rear; that the defendant approached the bridge at a speed of more than fifty-five miles an hour, and continued to drive his automobile at such speed on the bridge, and at the time he struck the plaintiff was driving more than fifty miles an hour, and did not reduce his speed or attempt to reduce it until he struck the plaintiff; that the defendant operated the automobile in such manner as to endanger the plaintiff's life and without due regard for her safety; that the defendant, at the time he struck the plaintiff, was driving his automobile while under the influence of whisky or some other intoxicant, and was in an intoxicated condition. The plaintiff alleged that the defendant was negligent, which acts of negligence were the sole, direct, and proximate cause of her injuries, as follows: In driving his automobile at such speed; in not reducing his speed on the bridge; in driving at a speed greater than was reasonable and safe, without due regard to the conditions existing at the time, and without due regard to the safety of the plaintiff; in driving at the time while under the influence of whisky and in an intoxicated condition; and in not giving some signal or warning of his approach. The plaintiff alleged that at the time she was struck by the defendant's automobile she was in the exercise of her rights as a pedestrian on the bridge, walking on the right side thereof as she had a right to do, and was in no wise negligent in her conduct.

The defendant denied liability and alleged that the plaintiff was injured by reason of her own negligence by walking into the path of his automobile; that he was driving in the direction of Swainsboro from Kite, Georgia, at a rate not exceeding forty miles an hour; that the plaintiff was going east in the same direction, walking on the left side of the bridge; that M. B. Watkins was traveling west toward Kite in a truck, and just before the truck and car met the plaintiff suddenly ran to the right across the bridge in front of the Watkins truck and into the left front fender of the defendant's automobile; that when the defendant discovered the plaintiff running across the bridge in front of him he applied his brakes and endeavored to stop, but was too close to the plaintiff to stop before she ran into the fender and was knocked up on the

hood; that if the plaintiff had remained on the left side where she was walking and meeting the truck, the truck would have passed her on the left and she would not have been injured.

The trial resulted in a verdict in favor of the plaintiff. The defendant moved for a new trial on the general grounds and to the judgment overruling such motion he excepted.

The defendant contends "that the uncontradicted evidence shows that, although he may have been guilty of negligence in driving his car at a too fast rate of speed on the bridge, the plaintiff was so grossly negligent as to preclude a recovery; that by the use of ordinary care the plaintiff could have avoided the results of his negligence, if any; and that when the plaintiff suddenly ran from the left hand side of the bridge to the right side, without *looking* under the circumstances developed by the plaintiff's evidence, such conduct in and of itself constituted gross negligence and precluded a recovery."

We can not agree with the defendant's contentions that a verdict in his favor was demanded under the evidence. "A pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if auto-cars are approaching, under the penalty that if he fails to do so and is injured, it must be conclusively presumed that he was negligent." *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (2) (80 S. E. 36); *Eubanks* v. *Mullis,* 51 *Ga. App.* 728, 730 (181 S. E. 604). While under statute in this State "the rule of the road requires travelers with vehicles, when meeting, to each turn to the right" (Code § 105-112), and this applies to all public streets and highways, the law of the road does not restrict a pedestrian to any particular part of a highway or street for the purpose of travel, but he may cross such highway at any place he desires, if he uses due care, and the operator of an automobile approaching along such highway must anticipate the possibility that pedestrians in the highway may cross at any point. Persons operating automobiles along a public highway do not have a superior right to the use thereof over pedestrians in the highway, and it is the duty of each to exercise his right with due regard to the corresponding right of the other. The driver of an automobile is bound to use reasonable care, and to anticipate that persons along a public street or highway and other persons having equal rights with him may be there. The driver has no

right to assume that the road ahead of him is clear, but he must keep a vigilant lookout ahead for pedestrians in traffic.

There was evidence from which the jury were authorized to find that some one hundred yards before the defendant reached the bridge on which the plaintiff was walking the highway was straight and the bridge was in plain view. The evidence further showed that the bridge was straight, that the defendant saw the plaintiff walking along the bridge some distance ahead of him, and that he struck the plaintiff on the bridge 219 yards from its west approach. There was evidence to the effect that the defendant was operating his automobile around sixty miles an hour, and that he made no apparent effort to reduce speed as he approached the plaintiff. There was evidence from which the jury were authorized to find that the defendant did not blow his horn or sound any warning of his approach, although the plaintiff was in view, as was also the truck approaching on the bridge from the opposite direction. The evidence authorized a finding that the injuries to the plaintiff were proximately caused by the negligence of the defendant, and that the plaintiff was not as a matter of law guilty of contributory negligence barring a recovery. It does not appear as a matter of law that under an application of the doctrine of comparative negligence the verdict in the amount found for the plaintiff was excessive.

The court did not err in overruling the motion for new trial which was based on the general grounds.

*Judgment affirmed. Sutton and Felton, JJ., concur.*