### 42776.   SHELTON v. ROSE, by Next Friend.

38

Argued May 4, 1967—Decided June 20, 1967.

*Pittman & Kinney, H. E. Kinney,* for appellant.

*Kelly, Champion & Henson, Kenneth M. Henson, John W. Denney, J. Norman Pease, Ray L. Allison,* for appellee.

Deen, Judge. █ The "equal rights clause" of the law of the road is of old standing and has frequently been expressed as follows: "A pedestrian and a person operating an automobile have each equal rights to use a public highway or street, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other." *Jackson v. Crimer,* 69 Ga. App. 18, 23 (24 SE2d 603). For similar statements see *O'Dowd v. Newnham,* 13 Ga. App. 220 (80 SE 36) ; *Flowers v. Faughnan,* 31 Ga. App. 364 (1) (120 SE 670) ; *Claxton v. Hooks,* 68 Ga. App. 383, 385 (23 SE2d 101) ; *Eubanks v. Mullis,* 51 Ga. App. 728, 730 (181 SE 604) ; *Christian v. Smith,* 78 Ga. App. 603, 607 (51 SE2d 857) ; *Roseberry v. Freeman,* 97 Ga. App. 545, 553 (103 SE2d 745). The proposition, as applied in *Southland Butane Gas Co. v. Blackwell,* 91 Ga. App. 277 (85 SE2d 542), to one lying on the roadway in an intoxicated condition, was reversed on certiorari, 211 Ga. 665 (88 SE2d 6) because of the Supreme Court's application of the assumption of risk doctrine to the facts of that case. That the assumption of risk doctrine may be applied to an adult unconscious because of intoxication but not to an infant legally incapable of negligence causes courts and juries

to reach opposite conclusions on what seem to be otherwise identical sets of facts when viewed from the defendant's standpoint. The instruction objected to in the enumeration of errors before us reads: "A pedestrian such as the child in this case has equal rights at the place complained of in this suit to be upon the street or highway with the operator of a motor vehicle." Should this statement be taken to mean that a child has a right to run into the street in front of a moving motor vehicle it would of course be incorrect; the equal rights referred to are rights as dictated by applicable traffic regulations, including those pertaining to right of way. However, immediately after the instruction excepted to, the court charged the doctrine of emergency in favor of the defendant, and immediately prior thereto was this preface: "I charge you that the law does not impose any duty on a person to guard against sudden, unforeseen acts of another which are not reasonably to be anticipated. The driver of an automobile is bound to use reasonable care to anticipate that persons along public streets or highways and other persons having equal rights with him may be there." Taken as a whole, the jury could not reasonably have been misled into believing that the court was telling them as a matter of fact that this particular child had an absolutely equal right to the intersection, or that the operator of a passing automobile would be the insurer of her safety. The instruction, while not well phrased, does not require reversal of the case.

■ "The violation of a penal statute is actionable negligence when the violation is the proximate cause of the injuries complained of, or where there is a proximate causal connection between the violation and the injury." *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436, 438 (99 SE2d 209). An instruction that the defendant would be liable if the jury found that his violation of a city ordinance was or in any way contributed to the proximate cause of the injury was not error under the facts of this case. In view of this and other instructions it was not error to fail explicitly to state the converse proposition: that if the defendant's negligence was not the proximate cause of injury, he would not be liable. As to the request set out in Ground 4 of the amended motion for new trial, the court covered the principle of law in-

volved by instructing the jury that, regardless of the age or capacity of the plaintiff, if they found no breach of legal duty on the part of the defendant there could be no recovery.

■ "Where the court gives in charge an entire Code section, a part of which is inapplicable to the issues, this is not a ground for reversal unless it appears that the inapplicable portion was calculated to mislead or erroneously affect the jury in its rendition of the verdict." *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154 (2) (121 SE2d 388). The court read *Code Ann.* § 68-1658 to the jury, thus instructing them that every driver "shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child . . . upon a roadway." The objection is that the part relating to blowing a horn was error as there was no evidence as to whether the defendant did or did not blow his horn. A part of the Code section at least was applicable to the facts and the reading of the entire section is not reversible error.

■ The court's instructions included principles of law relating to the doctrine of emergency, pure accident, and avoidance of the negligence of another. Error is urged on the ground that these were not charged as requested. The third request was inapplicable to the facts; the others were charged in substance. Since the repeal of the provision of *Code* § 70-207 which required instructions to be given in the language requested (Ga. L. 1965, pp. 18, 39), it is sufficient if they are given in substance.

■ A State Patrolman, Connell, testified that he had been trained in accident investigations and has participated in tests made as to stopping distances and reaction times in another city, under normal conditions and fairly straight, level road surfaces, and he then stated the result of these tests and his opinion based thereon as to the relationship between speed and stopping distances. There were motions to rule out the testimony on the grounds that the witness had not qualified as an expert and that the collision involved was not on level ground but on a downhill grade. This witness and another one were asked their opinions as to the amount of variance which would be caused by grade

conditions. Rarely do standard tests exactly coincide with conditions developed on trial and the use of such testimony is largely within the discretion of the trial court. *Rouse v. Fussell,* 106 Ga. App 259, 262 (126 SE2d 830). Proof that the opinion is founded on inadequate knowledge ordinarily goes to the credibility rather than the admissibility of the evidence. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855 (4) (126 SE2d 264). This would be particularly true where the question at issue, such as the behavior of automobiles under stated conditions, is one as to which any person with knowledge of the subject matter may testify. It is here contended that the plaintiff failed to show how long the patrolman had been employed as such or how he participated in the tests, but this information could have been elicited on cross examination if it was felt desirable to do so. The testimony in the form given might well have been helpful to the jury in forming its own estimate of the speed of the car based on somewhat dissimilar facts, which had been called to its attention, and there was no error in its admission.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*