43670. WARREN et al. v. MANN et al.

JORDAN, Presiding Judge. 1. In a civil case a trial judge may in his discretion grant a new trial without a transcript of the evidence and proceedings, either on motion of a party or ex mero motu. Ga. L. 1965, pp. 18, 30; *Code Ann.* § 70-301. Absent a contrary showing this court will presume that he did consider the evidence in granting a motion on grounds requiring such consideration. See *A. M. Kidder & Co. v. Clement A. Evans & Co.*, 117 Ga. App. 346 (160 SE2d 869). The grant of a new trial is appropriate when it appears to the trial judge that the refusal to take such action would be inconsistent with substantial justice. Ga. L. 1966, pp. 609, 664; *Code Ann.* § 81A-161.

2. Appellate courts will not disturb the ruling of a trial judge acting in his discretion on the first grant of a new trial solely on general grounds, absent any showing by the appellant that the trial judge abused his discretion in granting it and that the law and facts require the verdict notwithstanding his judgment. *Code* § 6-1608. See the discussion in *CTC Finance Corp. v. Holden*, 221 Ga. 809 (147 SE2d 427), with respect to the unqualified power of superior and city courts in respect to the grant of new trials, and the effect of the 1959 enactment (Ga. L. 1959, p. 353) on *Code* § 6-1608. Also, see *Peak v. Cody*, 113 Ga. App. 674, 675 (1, 2) (149 SE2d 519); *Howard v. Biles*, 117 Ga. App. 384, 385 (2) (160 SE2d 620). The effect and validity of § 50 (c) (1) of the Civil Practice Act, as amended (Ga. L. 1966, pp. 609, 657; 1967, pp. 226, 248; *Code Ann.* § 81A-150 (c) (1)) requiring the trial court to specify the grounds on which a new trial is granted, in connection with the grant of a judgment n.o.v., is not in issue in the case sub judice.

3. Where, as here, the plaintiffs in the lower court seek a reversal of the first grant of a new trial on motion of the defendants limited to general grounds, and it appears that the trial court, having directed a verdict for the plaintiffs, on which judgment was entered, granted a new trial solely on general grounds (as to which there is no dispute, although the order itself is silent as to the reason) without a transcript of the evidence, and there is no transcript before this court, and nothing appears from the pleadings or otherwise to show an abuse of discretion and to demand a verdict for the plaintiffs as directed by the trial court, this court will not disturb the judgment granting a new trial. *Code* § 6-1608.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED MAY 8, 1968—DECIDED MAY 17, 1968.

*Bullock, Yancey & Mitchell, Kyle Yancey*, for appellants.
*Heyman & Sizemore, Thomas Henry Nickerson*, for appellees.