### 25899.   SEIBERS et al. v. MORRIS.

HAWES, Justice.   In their amended complaint the plaintiffs sought to have their right to the possession of a described cemetery lot declared to be paramount over the right of the defendant; to have a wall placed around a portion of the lot by the defendant removed; to have removed certain grave markers placed thereon by the defendant; to enjoin the defendant from further interference with the plaintiffs' rights with respect thereto, and to recover damages from the defendant for his prior interference with the plaintiffs' rights. The defendant counterclaimed, in effect, seeking a declaration with respect to his rights to the lot and damages and injunctive relief.   Upon the trial of the case, the jury, after hearing evidence, returned a verdict in one of the forms submitted to them in the charge of the court, finding "that neither party has shown a superior right to the other and we, therefore, find against all parties and find no damages for anyone." The plaintiffs moved for a new trial and after that motion was overruled appealed to this court from the judgment and from the order overruling the motion for a new trial.   *Held:*

1. Prior to charging the jury, the judge indicated to counsel for the parties that he would submit as one of the forms of the verdict that might be returned by them a verdict substantially in the form above indicated.   Thereafter, the court did in fact submit that form as one of the permissible verdicts.   At the close of the charge and before the jury returned its verdict counsel for the parties were afforded an opportunity to object to any portions of the charge which they considered to be erroneous, but counsel for the plaintiffs made no objection to the forms of verdict thus submitted

to the jury in the charge. It was, therefore, too late, on motion for a new trial, to raise for the first time the contention that such form of verdict was meaningless. Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078 (*Code Ann.* § 70-207); *Irvin v. Oliver*, 223 Ga. 193, 195 (154 SE2d 217).

2. While there is no procedure provided in our law for striking grounds of a movant's motion for new trial, the action of the trial court in this case, as complained of in the second ground of enumerated error, was nothing more or less than the overruling of twelve of movant's grounds of their motion for a new trial, as being without merit. Appellants do not argue in connection with the second ground of enumerated error complaining of the striking of the grounds of their motion the merits of those grounds which were stricken by the order of the court. Unless these grounds so stricken were in fact meritorious, no harm was done to the appellants' case by the action of the trial court in striking the twelve grounds of their motion for a new trial.

3. While the complaint and the answer and counterclaim of the defendant were filed after the effective date of the Civil Practice Act, they were in form and in substance drawn under the former practice and procedure, in that both the complaint and the answer and counterclaim set forth detailed allegations of the contentions of the parties with respect to the facts and issues of the case. The plaintiffs alleged that the defendant had acted in bad faith and had been stubbornly litigious, seeking on this basis damages and attorneys' fees. The defendant denied this and in response thereto alleged that, "defendant has done no act of bad faith, and has initiated no litigation whatsoever, but indeed plaintiffs have been the litigators, and that too in bad faith, solely for the purpose of extorting money to which nothing defendant has done entitles them, for which reason defendant seeks by counterclaim to recover from plaintiffs in this action after the dismissal of their complaint against the defendant the sum of $40,000 damages for trauma to his feelings and anxieties caused by this illegal, unfounded, untrue, unjust and extortionate lawsuit and the harrowing up of his sacred memories of his loved ones by these who seek only money under cloak of mourning and sacred associations." Counterclaimant also sought reasonable attorneys' fees in the sum of

$2,500 and court costs against plaintiffs. The defendant's "prayer" or demand for relief was simply that his motions to dismiss the plaintiffs' complaint be granted, that the plaintiffs be denied all the relief for which they prayed; that they be restrained and enjoined from further harrassing the defendant and that the defendant have judgment against the plaintiffs for $40,000, plus reasonable attorneys' fees. Nowhere in the defendant's cross complaint is there any contention that the plaintiffs were guilty of trespassing on defendant's cemetery lot, nor is there any demand that further trespass on such lot be restrained. We have carefully examined the transcript of the evidence, and nowhere do we find in the transcript, either in the evidence of defendant or by way of a statement on the part of counsel for the defendant, made in the numerous colloquies between the court and counsel, any contention that the plaintiffs had been guilty of trespass.

Moreover, it appears that during the course of a colloquy between the court and counsel had upon the argument of the defendant's motion for directed verdict at the close of the plaintiffs' evidence and before the defendant had begun to put in his evidence, counsel for the plaintiffs succinctly summarized the issues in the case. Counsel for the defendant made no objection to that statement nor did he make a contrary statement as to the issues. As we view the pleadings, the evidence and the colloquy between the court and counsel (including the uncontradicted statement of counsel for the plaintiffs, above referred to), the real issue in the case revolved around the identity of the bodies interred in two graves adjacent to the site wherein the defendant had admittedly had the body of his mother interred in April, 1966. Immediately to the south of that interment the plaintiffs contended that the body of their mother had been buried in December, 1936, while the defendant contended that the body of his brother, Clyde Morris, was interred there in 1936. Immediately to the south of the latter gravesite the plaintiffs contended that the body of their sister, Susan Turner, had been interred in 1918, and the defendant contended that the body of his sister, Mary Morris, had been interred there in 1911. In *Turner v. Joiner*, 77 Ga. App. 603 (1a) (48 SE2d 907), it was held: "When the body of a deceased person is buried in a cemetery in which no particular right of ease-

ment for burial purposes has been granted to anyone, and the title to the cemetery is vested by prescription in the heirs at law of those already buried therein only by virtue of such burial, the rights of the heirs at law who perform the burial, in respect to the grave, is paramount to all persons except any who can show a superior title, or right of easement for burial. The right of action for trespass on such a grave is in the heirs at law of the person buried there." If the plaintiffs' contentions were correct, under the principles there stated, the plaintiffs, as the heirs at law of the persons buried in those gravesites, are entitled to maintain monuments, to have the control and care of such gravesites and, without interference from the defendant in their so doing, to remove monuments placed upon such graves by the defendant and to remove the wall around them which had been placed there by the defendant. If the defendant's contentions are correct, then he is entitled to continue to maintain the monuments which he has placed upon the gravesites and to maintain the wall around the gravesites without interference from the plaintiffs. This was the only issue in the case, since the plaintiffs conceded that the defendant, having accomplished the interment of his mother in a grave adjacent to the two disputed sites, could continue to maintain that grave and the monument thereon without interference from the plaintiffs, and the defendant likewise conceded that the plaintiffs could maintain the grave of their father which had been placed immediately to the north of his mother's grave without any interference from him.

The court, however, undertook to instruct the jury as complained of in grounds of enumerated error Nos. 10, 11, 12 and 13 to the effect that the issue between the parties was whether the defendant, in burying his mother on the lot had trespassed upon the property of the plaintiffs or whether the plaintiffs, in burying their father upon the lot, had trespassed upon the property of the defendant. This was simply not the issue made by the pleadings or the evidence, and it was harmful error for the court to confuse the issues which the jury was to try by injecting such issue into the case in its charge to the jury. The plaintiff timely objected to the charge on this issue and that objection should have been sustained. A charge which confuses the issues in the case and injects into the case issues not made by the pleadings

or the evidence has the effect of minimizing in the minds of the jury the real issues which they are to decide and is presumptively harmful to the losing party. *Atlantic C. L. R. Co. v. Coxwell,* 93 Ga. App. 159, 166 (91 SE2d 135); *Smith v. Goodwin,* 103 Ga. App. 248, 250 (119 SE2d 35); *Ryder Truck Rental v. Gianotos,* 113 Ga. App. 81, 83 (147 SE2d 448); *Hightower v. Ansley,* 126 Ga. 8, 13 (54 SE 939, 7 AC 927); *Ezell v. Mobley,* 150 Ga. 257, 261 (103 SE 238). These grounds of enumerated error require the grant of a new trial.

4. We have carefully considered the remaining grounds of enumerated error and find no merit in any of them.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 15, 1970—DECIDED OCTOBER 22, 1970.

*Rich, Bass, Kidd and Broome, C. Richard Avery,* for appellant.