## 45588.   TRAVIS v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals from the overruling of his motion for new trial after being convicted of the misdemeanor offense of bastardy. *Held:*

1. The first enumeration is directed to the overruling of the general grounds of the motion for a new trial. In addition to the evidence set forth in Divisions 2 and 4 of this opinion, and contrary to the defendant's unsworn denial of paternity, the transcript includes testimony to the effect that the defendant on more than one occasion admitted paternity and conducted himself as if he were the father, and the child was exhibited to the jury. The evidence supports the verdict.

2. The second and third enumerations assert error on limitations on cross examination of the mother in respect to sexual relations with men other than the putative father. On direct examination, in reply to a question about sexual relations limited to a period of three months before the claimed date of conception,

the mother stated, "I hadn't even seen any man since at least a year before." When counsel started repeating the question, referring specifically to sexual relations, she answered, "Oh, no." In response to further direct examination she denied any subsequent sexual relations at any time. Thereafter, on cross examination the trial judge sustained an objection to the question ". . . you've had sexual relations with other men, haven't you?" and subsequently clarified this ruling by limiting the questioning to acts within a period of six months preceding the claimed conception. Within this period the mother unequivocally denied any act of intercourse whatsoever except the one occasion with the defendant, which, according to her testimony, occurred on a Sunday afternoon in February, 1967, or according to others, could have occurred in March, 1967. The child was born on November 8, 1967.

Specific instances of sexual intercourse with other men at or near the beginning of the period of gestation are admissible, not for the purpose of impeaching the character of the mother, but as tending to show that a person other than the defendant could be the father of the child. *Rudulph v. State,* 16 Ga. App. 353 (7b) (85 SE 365). Also, see *Garrett v. State,* 20 Ga. App. 749 (93 SE 232); *Gammon v. State,* 26 Ga. App. 481 (106 SE 751).

In our opinion the limitations on cross examination of the mother were entirely reasonable, and did not deprive the defendant of the right to adduce testimony from the mother on the issue of paternity, i.e., to show that someone else could be the father, and did not deprive the defendant of the right to a thorough and sifting cross examination of the mother on relevant and material issues. Her voluntary and unresponsive statement on direct examination, that she "hadn't even seen any man since at least a year before" is unclear as to meaning, but was immediately clarified by a responsive answer.

Under the circumstances disclosed in the present case we think the trial judge properly excluded any probe into the sexual relations of the mother, if any, with any other man at a time completely remote to the time of conception of the child born on November 8, 1967. Conduct of this nature was not admissible on the issue of paternity or for the purpose of impeachment.

3. The fourth enumeration is based on the refusal of the trial judge to grant a mistrial based on a statement of counsel for the State to the jury that he wanted the jury to back up the court in the matter. The exact words of counsel for the State are not disclosed by the transcript, but as repeated by counsel for the defendant in his motion for mistrial it would appear that the statement was nothing more than a statement of the obvious fact that the State was endeavoring to obtain a conviction of the defendant. In our opinion the transcript is insufficient to disclose reversible error.

4. The fifth enumeration is based on the failure of the trial judge to charge the law of circumstantial evidence, even though there was no request for a charge on circumstantial evidence. The extent to which the proof of guilt or any defense thereto is dependent on circumstantial evidence is merely incidental to the direct proof. The real issue in the case was that of paternity based on an act of intercourse either in February or March of 1967, on a Sunday afternoon when the defendant and the mother were admittedly alone together for a period of time between ten minutes and two hours in an unfinished apartment on the 17th floor of a building. They had met each other a short time previously in the apartment of mutual acquaintances on a lower floor, a discussion had taken place about some monkeys on an island nearby, and according to the prosecutrix, the defendant had said "that he would take me up to see the monkeys from a higher level in the building." The fact that this meeting took place is undisputed, and the only real conflict in the testimony is in respect to the exact date of the meeting, the length of time the defendant and the proxecutrix were alone together, and what took place while they were alone, the actual fact of intercourse being dependent on the testimony of the mother. There being some direct evidence of the guilt of the defendant, there was no error in not charging on the subject of circumstantial evidence.

"A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon." *Williams v. State,* 196 Ga. 503 (26 SE2d 926); *Pippins v. State,* 224 Ga. 462 (162 SE2d 338); and, as applied to bastardy proceedings, *Samples v.*

*State,* 119 Ga. App. 154 (166 SE2d 389).

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 11, 1970—DECIDED OCTOBER 27, 1970— REHEARING DENIED NOVEMBER 13, 1970—

*Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe, W. W. Newton,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers,* for appellee.