## 46757, 46816.  WHITEWAY LAUNDRY & DRY CLEANERS, INC. v. CHILDS; and vice versa.

EVANS, Judge. Eloise Childs filed her complaint against Whiteway Laundry & Dry Cleaners, Inc. seeking to recover damages for injuries suffered when she was struck by the defendant's truck in the crosswalk at the intersection of Bay and Bull Streets in Savannah. The intersection is controlled by traffic lights. Bay Street is a four-lane street, with two lanes for eastbound and two for westbound traffic. Bull Street is a two-lane street, and Bay Street forms a T-type intersection with it. Mrs. Childs, a pedestrian, was walking south on Bull Street. As she came to its intersection with Bay Street, she proceeded across the intersection, having a green light, and walking from the north side of Bay Street to the south side of Bay Street in the easterly crosswalk designated for pedestrian crossing.

When she started across the intersection, a motor vehicle truck, owned by defendant, and operated by its agent, Johnny Kellam, was facing west on Bay Street at the Bull Street intersection, occupying the inside lane, and was stopped while waiting for the red light to change; but it started forward suddenly, while the light was still red, and struck and seriously injured Mrs. Childs.

(While the testimony was conflicting, there was ample evidence from which the jury could have found that Mrs. Childs had a green light, and that the truck was stopped for a red light, but suddenly started forward and ran into her while the light was still red.)

The jury returned a verdict for plaintiff, and defendant appeals in Case No. 46757. In Case No. 46816 plaintiff appeals from the order of the trial court denying her motion to dismiss defendant's appeal on the ground that defendant did not timely file the transcript. Plaintiff has made a similar motion to dismiss in this court in Case No. 46757. *Held:*

1. Motions to dismiss defendant's appeal are without merit. The notice of appeal was filed August 30, 1971, and the transcript was timely filed on September 22, 1971. *Code Ann.* § 6-806. The basis of the motions is that defendant had not caused the transcript to be officially filed at the time the hearing on the motion for new trial was held. However, the court reporter had prepared the transcript and furnished copies to counsel who utilized it in preparing and arguing the amended motion for new trial, and it appears that the court considered the evidence in denying the motion. Under the Appellate Practice Act the trial judge may, in his discretion, hear and determine a motion for new trial before the transcript is prepared and filed. *Code Ann.* § 70-301; *A. M. Kidder & Co. v. Clement A. Evans & Co.,* 117 Ga. App. 346 (1) (160 SE2d 869); *Warren v. Mann,* 117 Ga. App. 787 (161 SE2d 894).

2. Error is enumerated on the failure of the trial court to grant a motion for mistrial based upon a statement by the court to the entire array of jurors that certain cases had been settled and the instant case would be tried the following day if it were not settled. The exact words of the court were not reported, and counsel for defendant, in attempting to repeat the words in his motion for mistrial, stated that, "It may not be exactly right, but it's right as I recall." In response plaintiff's attorney stated: "And in answer to Mr. Karsman's interpretation of what took place, I want it to appear in the record that counsel for plaintiff vigorously disagrees and the court was merely attempting, which is customary, to thank the jurors for their services, which we are highly in accord with." The judge, in ruling on the motion, did not repeat the exact words used and thus settle the record. Under these circumstances we think the transcript is insufficient to support the contention or to show reversible error. *Travis v. State,* 122 Ga. App. 800 (3) (178 SE2d 741); *Johnson v. State,* 123 Ga. App. 857 (2) (182 SE2d 701). And see *City of Macon v. Smith,* 117 Ga. App. 363, 372 (160 SE2d 622); *Hurd v. State,* 125 Ga. App. 353 (1) (187 SE2d 545).

3. There is sufficient evidence which, if believed by the jury, would authorize them to find that plaintiff entered the intersection on a green light and was walking in a pedestrian crosswalk. The general grounds are without merit.

4. Objection was made and overruled as to testimony of the investigating police officer, who was recalled for the purpose of relating a statement made by witness Mitchell at the scene of the occurrence. The officer's testimony was offered and admitted solely for the purpose of impeaching Mitchell by showing prior contradictory statements; the proper foundation was laid; Mitchell's statements at the scene and on the trial were contradictory; and no error appears. *Code* § 38-1803; *McKinney v. Pitts*, 109 Ga. App. 866 (3) (137 SE2d 571); *Stubbs v. Daughtry*, 115 Ga. App. 22 (2, 3) (153 SE2d 633); *Sheffield v. State*, 124 Ga. App. 295 (2) (183 SE2d 525).

5. "The mere failure of the court to state in express terms that the contentions as made in the pleadings were not evidence, there being nothing in the charge to indicate to the jury that those contentions could be considered as evidence, is not ground for the grant of a new trial." *Shore v. Ferguson*, 142 Ga. 657 (3) (83 SE 518); *Lassiter v. Poss*, 85 Ga. App. 785, 790 (70 SE2d 411).

6. Upon review of the portion of the charge complained of in enumeration 2 (L), taken in conjunction with the charge as a whole, we find no reversible error.

7. Appellant stated at the trial that he had no objection to the portion of the charge now complained of in enumeration 2 (M), and we find no substantial error harmful as a matter of law. *Code Ann.* § 70-207 (a, c); *Irvin v. Oliver*, 223 Ga. 193 (2) (154 SE2d 217); *Seibers v. Morris*, 226 Ga. 813 (1) (177 SE2d 705); *Stevens v. Stevens*, 227 Ga. 410 (4) (181 SE2d 34); *Murray v. Americare-Medical Designs, Inc.*, 123 Ga. App. 557 (1) (181 SE2d 871).

8. Enumeration of error 2 (N), complaining of the refusal to give a requested charge, is without merit since the last-minute request was not submitted in accordance with *Code Ann.* § 70-207 (b).

9. Enumeration 2 (O) complains that the court erred in charging the jury as to the duty of defendant's driver to have his vehicle under control at the time of the occurrence and the legal result of a failure to do so, asserting that there was no evidence to support the charge. However, the record discloses that there was conflicting evidence as to this point, and no error is shown.

10. Strenuous objection was made at the trial, and is now made in this court, to the following charges: "Ladies and gentlemen of the jury, I further charge you that the driver of an automobile is bound to use reasonable care to anticipate the presence on the street of other persons having equal rights with themselves to be there. Conversely, a pedestrian, when lawfully using the public highways, is not bound to be continually looking and listening to ascertain if automobiles are approaching.

"I charge you further, members of the jury, that the law does not restrict a pedestrian to any particular part of the highway for the purpose of travel, and said plaintiff had a right to cross said highway at the place set out in the complaint, and the operator of the truck must anticipate that a pedestrian may cross said highway at said point."

There was no error in giving the above charges. *Code Ann* § 68-1658 (Ga. L. 1953, Nov. Sess. p. 556, 593) in pertinent part provides: ". . . every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway . . ." *Claxton v. Hooks,* 68 Ga. App. 383, 385 (23 SE2d 101), provides: "The driver of an automobile is bound to use reasonable care, and to anticipate that persons along a public street or highway and other persons having equal rights with him may be there." *Eubanks v. Mullis,* 51 Ga. App. 728, 730 (181 SE 604), uses almost the exact language as is quoted from *Claxton,* supra. *Leggett v. Brewton,* 104 Ga. App. 580, 583 (122 SE2d 469), holds (Judge Eberhardt speaking for the court), that it was error to refuse to give a written request in the exact language of the request, as follows: "I charge you that under the law of Georgia, C. H. Brewton

was bound to use reasonable care to anticipate that persons along public streets and highways and other persons having equal rights with him might be there. Mr. Brewton had no right to assume that the road in front of him was clear of traffic, but was under a duty to keep a vigilant lookout ahead for traffic." Our attention has been called to the case of *Shelton v. Rose,* 116 Ga. App. 37 (156 SE2d 659), but that case *upholds* the right to charge on "equal rights at an intersection." Our attention is also called to *Taylor v. Crawford,* 119 Ga. App. 262 (167 SE2d 404), but in that case there was an intersection with a traffic light and marked crosswalk, but *the pedestrian was not at the intersection but was 100 feet from it,* in the middle of Broad Street in the City of Augusta, where there was no crosswalk. Further, a city ordinance was introduced into evidence which required pedestrians not crossing at crosswalks to *yield the right of way to vehicular traffic.* This case, therefore, is not applicable and shows no reason for reversing the trial court in the case sub judice.

The case of *Wells v. Alderman,* 117 Ga. App. 724 (162 SE2d 18) is called to our attention, especially Divisions 2 and 5. In Divisions 2 and 5, it was held improper to charge as to crossing in a crosswalk *if the evidence does not show a crosswalk,* and Division 5 deals with duties of pedestrians crossing at places *other than crosswalks.* In the case sub judice the undisputed evidence shows plaintiff was crossing in a crosswalk, hence the foregoing authority is inapplicable.

The entire charge in this case shows that it was more favorable to defendant than to plaintiff. Of course, the entire charge, and not disjointed fragments thereof, must be considered. See *Brown v. Matthews,* 79 Ga. 1 (1) (4 SE 13); *Sheppard v. Broome,* 214 Ga. 659 (12) (107 SE2d 219).

*Judgment affirmed. Bell, C. J., Deen, Quillian and Stolz, JJ., concur. Hall, P. J., Eberhardt, P. J., and Pannell, J., dissent. Clark, J., disqualified.*

ARGUED JANUARY 3, 1972—DECIDED JUNE 15, 1972—
REHEARING DENIED JULY 10, 1972.

*Falligant, Doremus & Karsman, Stanley Karsman,* for appellant.

*David S. Bracker, Brannen & Clark, Fred S. Clark,* for appellee.

EBERHARDT, Presiding Judge, dissenting in part. While we agree with the holdings as reflected in the first nine divisions of the majority opinion, we cannot agree with Division 10 and must dissent.

The intersection where the plaintiff was injured when attempting to cross the street was a controlled one—controlled by traffic lights indicating the direction to be taken by traffic, whether vehicular or pedestrian, moving toward the intersection, directions, i. e., whether from north or south, east or west, and whether traffic in the respective directions should stop (by a red light) or move (by a green light).

The evidence was conflicting as to whether the plaintiff or the defendant had the green light just prior to and at the time the plaintiff moved into the intersection and started to cross the street in front of defendant's truck.

Mr. Mitchell, a disinterested third party, testified that he came up to the intersection in his car and stopped because a red light was showing, and that shortly after the defendant came up and likewise stopped in the traffic lane immediately to his left. The traffic lights changed and Mr. Mitchell started to move on through the intersection, but saw Mrs. Childs, the plaintiff, step down from the curb and move "in a trot" toward the other side of the street. He hurriedly applied his brakes and she went past the front of his car and in front of the defendant's truck. He started up and moved on through the intersection, but stopped and went back when he observed that Mrs. Childs had been hit by the truck, which had started to move forward. It had moved only a few feet, but knocked her down and the front

wheel passed over her, breaking a leg. He was positive that the traffic light facing him and the truck had been green, and that when Mrs. Childs entered the street it had to be red for her.

Plaintiff testified that when she came up to the intersection she looked up and saw the traffic light facing her to be green, and then started on across. She did not know whether the light had changed after she had looked.

The charges to which timely exception was made were taken from plaintiff's requests, which, in turn, were taken from *Eubanks v. Mullis,* 51 Ga. App. 728 (181 SE 604) and *Claxton v. Hooks,* 68 Ga. App. 383 (23 SE2d 101).

The exceptions were that the charge was tantamount to telling the jury that the plaintiff had a right to be in the intersection at the time she was injured, and that it was not required that she look or listen before entering to ascertain whether vehicles were approaching, while the driver of a vehicle was obligated to anticipate her presence in the intersection; that the charge was an incorrect principle of law and inapplicable to the instant case, was wholly unsupported by the evidence, and amounted to a direction of a verdict against the defendant.

We are not at all convinced that the charges are fair and accurate statements of the rulings made in *Eubanks v. Mullis,* 51 Ga. App. 728, supra, and *Claxton v. Hooks,* 68 Ga. App. 383, supra. Even if they were, however, it was error to charge them in the instant case, for here we are dealing with an intersection *controlled by a traffic light,* and the situation is governed by the Uniform Act Regulating Traffic on Highways (*Code Ann. Ch.* 68-15 through 68-17), particularly *Code Ann.* § 68-1613. The cited cases did not involve controlled intersections, nor had the Uniform Act been enacted when they were decided. They are what have been called examples of the application of the "equal rights clause" as between motorists and pedestrians (*Shelton v. Rose,* 116 Ga. App. 37 (156 SE2d 659)) but the "equal rights referred to are *rights as dictated by applicable traffic regulations,* including those pertaining to right of way."

*Shelton v. Rose,* 116 Ga. App. 37, 39, supra. (Emphasis supplied.) Hence, it is error to charge the "equal rights" doctrine as between motorist and pedestrian where the applicable traffic regulations provide otherwise *(Taylor v. Crawford,* 119 Ga. App. 262 (167 SE2d 404)) and, similarly, it is error to charge on traffic regulations relative to the respective rights of pedestrians and motorists where the regulation charged is not applicable to the situation under investigation. *Wells v. Alderman,* 117 Ga. App. 724 (162 SE2d 18), especially Divisions 2, 5 and 7.

In the instant case one of the primary issues was whether pedestrian or motorist had the right of way under *Code Ann.* § 68-1613. The evidence was in conflict as to this issue. The trial court, however, in effect eliminated this issue by charging that the motorist and the pedestrian had equal rights; that the pedestrian need not be continually looking and listening; that the pedestrian had a right to cross as she did; and that the motorist was bound to anticipate her crossing.

The Uniform Traffic Control Act (Ga. L. 1953, Nov. Sess., p. 556 et seq; *Code Ann.* § 68-1655), provides that: "Pedestrians shall be subject to traffic control at intersections as provided in § 68-1613 . . ." In § 68-1613 it is provided by subsection (b) (2) that "No pedestrian facing such signal shall enter the roadway until the green or 'Go' is shown alone, unless authorized so to do by a pedestrian 'Walk' signal," and in subsection (a) (2) that "Pedestrians facing the [green or 'Go'] signal may proceed across the roadway within any marked or unmarked crosswalk."

Similar provisions are included as to vehicles facing green or "Go" signals and red or "Stop" signals.

These statutory provisions for controlled intersections supersede any prior inconsistent law, whether statutory or court ruling, dealing with this subject matter.

What is the purpose of having a controlled intersection? Obviously, it is to regulate and control the flow of *all* traffic—pedestrians, motor vehicles, bicycles, or whatever. To do this the law provides that all traffic moving on one of

the intersecting streets is to move through the intersection when the traffic light is green, and all traffic approaching the intersection must stop when the traffic light is red. It applies to all alike. Thus all traffic does have equal rights in the intersection *so long as they are in observance of the traffic control system.* If this is done there will be no collision, for the red and the green lights come in alternating periods. It is green for one street while it is red for the other. The vice in the charge is that it provides "equal rights" to pedestrians with vehicles *at all times*—without regard to the status of the control system. If that is permitted, chaos may result at every city street intersection.

It is undisputed that the plaintiff was in the crosswalk of the intersection, but there was dispute as to who had the green and red light for moving or stopping in traffic. This was the issue that the jury should resolve. If it should find that plaintiff had a green light, she was entitled to move across the street while the defendant, having a red light, was not, and vice versa. *They do not have "equal rights" to move into the intersection at the same time.*

It is reversible error, where the incident occurs at a controlled intersection, to charge rules of law which have no application at controlled intersections. *Strong v. Palmour,* 113 Ga.. App. 750, 752 (149 SE2d 745). It is error to charge rules relative to pedestrian and motorist which are inapplicable, *Wells v. Alderman,* and *Taylor v. Crawford,* both supra. A motorist having the right of way at a controlled intersection, which the jury was authorized to find to have been the case, can assume that others will yield. *Lindsay v. Duvall,* 122 Ga. App. 613 (178 SE2d 312). It is also error because "One who is rightfully using the highway or street [which the jury was authorized, though not required, to find the motorist was doing] has a right to the use thereof superior to that of one violating the traffic regulations [which the jury was authorized, though not required, to find the plaintiff was doing], and in the absence of knowledge is not required to anticipate that some other unlawful use will be made thereof in violation of the rule of the road and thus

create a dangerous situation." *Greenlee v. Chastain,* 112 Ga. App. 813 (1) (146 SE2d 378). And it is error because the trial court in effect instructed the jury that the plaintiff pedestrian had superior rights, when that was a question of fact for jury resolution primarily under *Code Ann.* § 68-1613. The fact that the court also charged *Code Ann.* §§ 68-1613, 68-1655, and other correct principles does not cure the error. *Strong v. Palmour,* 113 Ga. App. 750, 754, supra; *Executive Committee of the Baptist Convention v. Ferguson,* 213 Ga. 441, 443 (99 SE2d 150).

That the court may have charged on the duty of all, including pedestrians, to observe the traffic regulations, and that when facing a red or stop signal he should wait until the green or go signal appears to go does not relieve the error of charging that pedestrians have "equal rights" with vehicles in the streets in the context of *Eubanks v. Mullis,* 51 Ga. App. 728, supra, *Claxton v. Hooks,* 68 Ga. App. 383, supra, which antedate the Uniform Traffic Control Act. "A charge embodying an erroneous principle and one which has a tendency to injure the losing party is not cured by a subsequent instruction embodying a correct statement of the law, when attention is not called to the previous charge. A charge containing two distinct propositions directly conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligent verdict." *Morris v. Warlick,* 118 Ga. 421 (2) (45 SE 407); *Bryant v. State,* 191 Ga. 686, 719 (13 SE2d 820); *Grooms v. Grooms,* 141 Ga. 478 (81 SE 210); *Pelham Mfg. Co. v. Powell,* 6 Ga. App. 308, 313 (64 SE 1116); *Western & A. R. Co. v. Clark,* 117 Ga. 548 (44 SE 1); *Savannah, Fla. & Western R. Co. v. Hatcher,* 118 Ga. 273 (45 SE 239); *Savannah Electric Co. v. McClelland,* 128 Ga. 87 (57 SE 91); *Tietjen v. Meldrim,* 169 Ga. 678 (151 SE 349).

There is nothing in *Leggett v. Brewton,* 104 Ga. App. 580 (122 SE2d 469) that conflicts with what we say here. In that case we were dealing with a collision between two vehicles at an uncontrolled intersection, and the matter of whether there had been error in refusing to give a re-

quested charge, abstractly correct, in its exact language.

I am authorized to state that Presiding Judge Hall and Judge Pannell concur in this dissent.