47236.   HUDSON v. THE STATE.

QUILLIAN, Judge. The appellant was tried and convicted of burglary. An appeal was then filed in this court. *Held:*

1. The appellant contends that his motion to suppress certain evidence, consisting of items found in and about a lake house of which the appellant had joint possession with another person, should have been sustained. The appellant's argument is without merit as to the items which were found outside the house because they were observed by the sheriff when he was lawfully on the premises on another matter. United States v. Eagleston, 417 F2d 11; Davis v. United States, 327 F2d 301.

After seeing the items on the outside of the house the sheriff then obtained a search warrant and searched and located the other stolen goods in the house. The appellant contends the warrant was defective because the affidavit presented to secure the warrant did not show sufficient probable cause. Under that which was held in *Lewis v. State*, 126 Ga. App. 123 (190 SE2d 123), this contention is without merit.

2. Enumeration of error three contends the trial judge erred in failing to charge, without request, on circumstantial evidence, because all of the evidence was circumstantial. The defendant admitted that he helped to unload the stolen goods from a boat at the lake. A charge on circumstantial evidence is demanded only when the case is wholly dependent thereon. *Travis v. State*, 122 Ga. App. 800, 802 (178 SE2d 741); *Pippins v. State*, 224 Ga. 462 (162 SE2d 338).

3. The fourth enumeration of error complains that the trial judge's charge in regard to recent possession of stolen goods was error because it was not supported by the evidence. This contention is without merit. The defendant admitted that he helped to carry the stolen goods from a boat on the lake to the premises of a house of which he and a codefendant had possession. Two or more persons may have had exclusive possession of stolen property. *Cheatham v. State*, 57 Ga. App. 858 (197 SE 70). In *Summerville v. State*, 66 Ga. App. 61 (17 SE2d 82), cited by the appellant, there was no evidence that the defendant had actual knowledge of the items in question.

4. The evidence was sufficient to support the verdict.

*Judgment affirmed. Pannell, Evans and Clark, JJ., concur. Bell, C. J., concurs specially. Hall, P. J., Eberhardt, P. J., Deen and Stolz, JJ., dissent.*

SUBMITTED JUNE 5, 1972—DECIDED OCTOBER 26, 1972.

*F. Houser Pugh, Owens, Littlejohn, Gower & Pugh,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.

BELL, Chief Judge, concurring specially. I think this case should be affirmed for a reason not mentioned either in the majority opinion or in the dissent. The record shows that the accused here, prior to the search of the cabin, disclaimed ownership of any of the property seized inside the cabin. This is found at page 9 of the transcript. It has been held that an accused has no standing to complain of an illegal search and seizure when he had previously disclaimed ownership of the property seized. United States v. Goad, 426 F2d 86.

HALL, Presiding Judge, dissenting. In my opinion the motion to suppress should have been sustained as to items found inside the house. The affidavit contains the following allegations in support of a showing of probable cause: "I have information from an informer who has been used in the past and has been reliable. And from surveillance of the above premises does believe that stolen good from Judge Elliot's cabin in Juniper are in Fryer cabin and premises at this time." While this is sufficient to show reliability, it fails to set forth any information to support his "belief" in the above conclusion. *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); *Johnson v. State,* 121 Ga. App. 477 (174 SE2d 246). *Lewis v. State,* 126 Ga. App. 123, 127 (190 SE2d 123), is distinguishable because the affidavit in that case, after a similar conclusion, stated "and the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows: Items listed above were actually seen by the affiant in the yard and on premises to be searched."

While the sheriff testified at the hearing on the motion to suppress that he saw stolen items outside the house and then obtained a warrant to enter and search the premises, all this is immaterial to the validity of the warrant. It is elementary that the burden is on the State to show that sufficient facts were submitted to the magistrate to establish the existence of probable cause. *Marshall v. State*, 113 Ga. App. 143, 144 (147 SE2d 666).

The appellant has standing to complain of the illegal search not only because he meets one of the traditional tests (having a possessory interest in the premises searched) but also because those tests have been superseded by the broad concept of "reasonable expectation of privacy." Any requirement of claiming an interest in the property seized has been specifically repudiated. See Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697, 78 ALR2d 233); Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576); *Wood v. State*, 224 Ga. 121 (160 SE2d 368).

I am authorized to state that Presiding Judge Eberhardt and Judges Deen and Stolz concur in this dissent.